837 A.2d 417

DEBORAH S. RASPANTINI AND MARTIN RASPANTINI, PLAIN-TIFFS–APPELLANTS, v. NANCY AROCHO AND EDILBER-TO AROCHO, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 27, 2003—Decided December 10, 2003.

Before Judges HAVEY, NEWMAN and HOENS.

*Howard Z. Buckner,* attorney for appellants.

*Lynch Martin,* attorneys for respondents (*John W. Harding,* on the brief).

The opinion of the court was delivered by

HOENS, J.A.D.

Plaintiffs Deborah and Martin Raspantini appeal from the order of the Law Division dismissing their complaint and from the subsequent order denying their motion for reconsideration. We reverse and remand.

Little need be set forth concerning the allegations of the complaint itself, save for the fact that the dispute arises from a May 5, 2000 automobile accident involving the parties to this appeal in which plaintiff Deborah Raspantini alleges that she was injured. Following discovery, defendants filed their motion for summary judgment, contending that the claim was barred by the verbal threshold provisions of the Automobile Insurance Cost Reduction Act (AICRA), *N.J.S.A.* 39:6A–8a. That motion was returnable on December 20, 2002 and plaintiffs requested oral argument. The motion judge granted the motion by order entered on December 20, 2002, without entertaining oral argument and without setting forth his reasons for the decision either orally on the record or in a separate written statement of reasons. Plaintiffs thereafter timely moved for reconsideration, *R.* 4:49–2, again requesting an opportunity to present oral argument, which motion was returnable February 7, 2003. On that date, the motion for reconsideration was denied, again without oral argu-

ment and without any statement of reasons given either orally on the record or separately in writing.

On appeal, plaintiffs argue that the motion judge erred substantively in his evaluation of plaintiff Deborah Raspantini's injuries and the severity of those injuries in relationship to the verbal threshold and that he erred procedurally in denying plaintiffs any opportunity to be heard through oral argument. We need not, and indeed, we cannot, adequately address the substantive arguments presented by the parties to the appeal in light of the lack of a statement of reasons and we therefore decline to address the substantive question of whether plaintiff Deborah Raspantini's injuries are sufficient to meet the AICRA test. We do so, however, both because we agree with her assertion that the failure to entertain oral argument, in these circumstances, was error and because the motion judge's failure to set forth any findings of fact or conclusions of law effectively precludes meaningful review.

Rule 1:6–2(d), governing oral argument on motions in the civil division, provides in relevant part:

> ... no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

In light of the clear mandate of this rule, because defendants' initial motion sought dispositive relief, plaintiffs' request for oral argument should have been granted as of right. While a request for oral argument respecting a substantive motion may be denied, *see Great Atlantic and Pacific Tea Co. v. Checchio*, 335 *N.J.Super.* 495, 497–98, 762 *A.*2d 1057, 1058–59 (App.Div.2000); *Spina Asphalt Paving v. Fairview*, 304 *N.J.Super.* 425, 427 n. 1, 701 *A.*2d 441, 442 n. 1 (App.Div.1997); *cf. Cobra Products, Inc. v. Federal Ins. Co.*, 317 *N.J.Super.* 392, 396, 722 *A.*2d 545, 547

(App.Div.1998), *certif. denied,* 160 *N.J.* 89, 733 *A.*2d 494 (1999), the reason for the denial of the request, in that circumstance, should itself be set forth on the record. That being the case, plaintiffs' motion for reconsideration might quite properly have been decided without oral argument, if, for example, that motion on its face did not meet the applicable test for that relief, *see Cummings v. Bahr,* 295 *N.J.Super.* 374, 384–85, 685 *A.*2d 60, 65–66 (App.Div.1996), and if that substantive shortcoming were given as the reason for denying oral argument.

Here, however, we have no explanation from the motion judge to enlighten us about why the request for oral argument was denied. We are unable, therefore, to independently evaluate the sufficiency of his reason for refusing plaintiffs' request for oral argument, whatever it may have been. While we might, under different circumstances, find that the judge's refusal to entertain oral argument was insufficient to require reversal, here we cannot do so. Rather, because the motion judge not only failed in that regard, but failed entirely to set forth his findings of fact and conclusions of law on the record we have no basis on which to conduct any meaningful review either of his decision to deny oral argument or his decision to grant the dispositive relief of summary judgment.

We have previously noted that "an articulation of reasons is essential to the fair resolution of a case." *Schwarz v. Schwarz,* 328 *N.J.Super.* 275, 282, 745 *A.*2d 592, 596 (App.Div.2000). Indeed, *R.* 1:7–4(a) specifically provides that a court shall "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right." More particularly, *R.* 1:6–2(f) provides in relevant part that

[i]f the court has made findings of fact and conclusions of law explaining its disposition of the motion, the order shall so note indicating whether the findings and conclusions were written or oral and the date on which they were rendered. If no such findings have been made, the court shall append to the order a statement of reasons for its disposition if it concludes that explanation is either necessary or appropriate. . . .

As our Supreme Court has noted in another context, "[f]ailure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.' " *Curtis v. Finneran*, 83 *N.J.* 563, 569–70, 417 *A.*2d 15, 18 (1980) (quoting *Kenwood Assocs. v. Bd. of Adj. Englewood*, 141 *N.J.Super.* 1, 4, 357 *A.*2d 55, 57 (App.Div.1976)). We have, as well, repeatedly referred to this observation and to similar sentiments in the context of appeals from dispositive orders. *E.g.*, *CNA Ins. Co. v. Cave*, 332 *N.J.Super.* 185, 187, 753 *A.*2d 141, 142 (App.Div.), *certif. denied*, 165 *N.J.* 678, 762 *A.*2d 659 (2000); *Schwarz v. Schwarz*, *supra*, 328 *N.J.Super.* at 282, 745 *A.*2d at 596; *Dep't of Transp. v. Barton Inv. Assocs.*, 326 *N.J.Super.* 282, 287, 741 *A.*2d 131, 133–34 (App.Div. 1999); *Chambon v. Chambon*, 238 *N.J.Super.* 225, 231–32, 569 *A.*2d 822, 825–26 (App.Div.1990).

This is especially true in the case of motions for summary judgment, as to which *R.* 4:46–2(c) specifically directs the court to make findings and conclusions in accordance with *R.* 1:7–4, and it is particularly true in disputes arising from accidents governed by AICRA and its predecessor statutes. The analysis of the claimed injuries, the treatment, the prognosis, the permanency, and the subjective impact on plaintiff's life which is required as part of granting or denying such a motion, *see, e.g., Oswin v. Shaw*, 129 *N.J.* 290, 609 *A.*2d 415 (1992); *James v. Torres*, 354 *N.J.Super.* 586, 808 *A.*2d 873 (App.Div.2002), *certif. denied*, 175 *N.J.* 547, 816 *A.*2d 1049 (2003), requires both findings of fact and conclusions of law. And it requires that those findings and conclusions be set forth with sufficient attention and analysis to permit our review.

Given the absence of any factual findings or legal conclusions, meaningful review is impossible. We, therefore, are constrained to reverse the orders granting summary judgment and denying reconsideration and to remand this matter to the trial court.[1]

---

[1] We recognize that the judge who decided both the dispositive motion and the reconsideration motion has retired and that, as a result, this matter will necessarily be reassigned to a different judge. We express no opinion on the merits of

Plainly, in part we do so in order to give plaintiffs the opportunity to present their oral argument on the dispositive motion which was, inexplicably, denied to them. Just as plainly, we do so in order to ensure that the parties and, in the event of a further appeal, the court may have the benefit of findings of fact and conclusions of law consistent with our analysis of the applicable rules.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

_____

the motion or on any potential future appeal from the decision of the motion judge on remand.