**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0121-15T3

ALLIANCE LAUNDRY
SYSTEMS, L.L.C.,

    Plaintiff-Respondent,

v.

1576 MAPLE AVENUE ASSOCIATES,
L.L.C., FILOMENA GIUDICE, FRANK GIUDICE,
GIUSEPPE GIUDICE, and TERESA GIUDICE,
jointly and severally,

    Defendants-Appellants.

_____

        Submitted November 29, 2016 — Decided March 15, 2017

        Before Judges Reisner and Sumners.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Docket No. L-0733-
        12.

        DeMarco & DeMarco, attorney for appellants
        (Michael P. DeMarco, on the briefs).

        Foley & Lardner, L.L.P., attorney for
        respondent (Anne B. Sekel, on the brief).

PER CURIAM

    In this commercial lending dispute, defendants, 1576 Maple

Avenue Associates, L.L.C., Filomena Giudice, Frank Giudice,

Giuseppe Giudice, and Teresa Giudice, appeal from a July 20, 2015 Law Division order denying reconsideration of a February 4, 2014 order, which denied their motion to vacate a June 13, 2013 default judgment. Having carefully reviewed the arguments raised in light of the record and applicable law, we affirm.

I.

We discern the following factual and procedural history from the record. On or about December 5, 2008, defendants executed a promissory note borrowing $335,000 from plaintiff for the purchase of equipment for defendants' laundromat in Hillside. A security interest in the equipment was given to plaintiff, and was properly perfected with a Uniform Commercial Code filing. In addition, each individual defendant executed a personal guaranty of the note.

In February 2012, plaintiff filed a complaint, followed by an amendment in November 2012, against defendants for failing to make loan payments and sought replevin of the equipment. After default was subsequently entered against defendants, default judgment was ordered on June 13, 2013, in the amount of $235,510.15 plus costs.

A-0121-15T3

On December 4, 2013, defendants filed a motion to vacate the default judgment. In support, Giuseppe[1] certified that, "on behalf of all the [d]efendants," he faxed a request to adjourn the motion for entry of default judgment because he had a landlord/tenant matter scheduled the same day. A copy of the adjournment request was attached to his certification, but a confirmation of the court's receipt of the fax transmission was not submitted. Giuseppe further stated an unnamed court staff person told him over the telephone that the motion was adjourned and he would receive a new court date, but he was never notified of a new date. Giuseppe was not represented by counsel at that time.

Defendants also contended the court lacked jurisdiction because the loan documents contained a forum selection clause providing that any disputes between the parties would be litigated in state or federal court in Wisconsin. In addition, defendants raised the defense of fraud in the inducement, and asserted that the judgment may not have given proper credit for the selling of the replevined equipment.

The motion judge did not afford defendants oral argument as requested, and entered an order on February 4, 2014 (February

_____

[1] Since individual defendants have the same last name, we use first names to avoid confusion and we mean no disrespect.

A-0121-15T3

order) denying the motion. In a written statement of reasons, the judge, citing Rules 4:43-3 and 4:50-1 and Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007), explained:

> Defendants have not demonstrated excusable neglect. Rather, [d]efendants acknowledge receipt of both the original and amended complaint. Defendant Giuseppe Giudice has provided a copy of a fax which he stated was sent to [the motion court], but there is no transmission verification and the only date reference is "the 16th." Moreover, there are five named defendants to the underlying action and [d]efendants have provided no explanation for why none of the other [d]efendants appeared or responded on the date of default. Nor have they presented this [c]ourt with justification for their failure to respond to the initial complaint or amended complaint. In fact, Giuseppe Giudice's purported "excusable neglect" relates only to his failure to appear at the default hearing and does not serve to explain [d]efendants' failure to respond to the [c]omplaint.

The judge also found that defendants did not raise any meritorious defenses. Relying upon Kubis & Perszyk Associates v. Sun Microsystems, 146 N.J. 176, 188 (1996), she reasoned that the loan documents' forum selection clause did not divest New Jersey courts of jurisdiction where New Jersey had jurisdiction over defendants, New Jersey residents, and the laundry equipment situated in Hillside. Additionally, the judge rejected defendants' claim of fraud in the inducement in the acquisition of the equipment because plaintiff merely financed the equipment

purchase and there were no proofs that plaintiff was connected with the sale of the equipment.

Defendants then timely moved under Rule 4:49-2 for reconsideration of the February order. However, after several adjournments of the motion due to settlement discussions, they notified the court by letter on or about June 30, 2014, that the motion was withdrawn without prejudice due to continuing settlement efforts. The letter further advised that, if the motion were to be re-filed, in the event the matter was not settled, the plaintiff agreed not to contest the motion based on the twenty-day time limit to seek reconsideration per Rule 4:49-2.

When settlement talks ceased almost a year later, defendants filed a new motion for reconsideration of the February order, with a request for oral argument. On July 20, 2015, the same judge who entered the February order, denied reconsideration, without oral argument. In her statement of reasons, the judge determined that the motion was "woefully out of time." Nevertheless, on the merits of the motion, she stated that reconsideration was "essentially a reiteration of the motion to vacate judgment[,]" and was without merit for the same reasons given when she decided the February order. The judge further emphasized, "[d]efendants did not, and still do not, provide any justification, let alone an adequate

one, for their failure to respond to the [c]omplaint in a timely fashion." This appeal ensued.

## II.

Before us, defendants contend the motion judge erred in entering the February order denying their motion to vacate default judgment and denying the subsequent motion for reconsideration. In particular, defendants argue that their re-filed motion for reconsideration was timely because they withdrew their initial motion for reconsideration without prejudice due to settlement discussions and the parties agreed that the twenty-day time limit under Rule 4:49-2 would not bar re-filing of the motion. Defendants also contend their failure to answer the complaint was justified by excusable neglect pursuant to Rule 4:50-1(f), the "catchall" category of the rule pronounced in Court Investment Co. v. Perillo, 48 N.J. 334, 341 (1966), "to achieve equity and justice." Defendants claim that had Giuseppe been advised of the default judgment hearing date following his adjournment request and telephone conservation with the court, counsel would have been retained to defend the action.

Defendants' remaining arguments reiterate the allegedly meritorious defenses rejected by the motion judge. They argue that the loan agreement's forum selection clause designating state court or federal court in Wisconsin as the forum to resolve

disputes should have been enforced to bar suit in New Jersey. Defendants assert fraud in the inducement in purchasing the equipment, claiming that they were misled as to projected revenue and profits from the laundromat. Lastly, defendants argue plaintiff failed to offer any competent proof that it disposed of the laundry equipment in a reasonably commercial manner, thus the judgment amount should be vacated.

We have considered defendants' contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant a discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm essentially for the reasons expressed by the motion judge in her written decisions. We add only the following comments.

We agree with defendants that the judge should not have determined that the re-filed reconsideration motion was untimely pursuant to Rule 4:49-2. The record is clear that, due to the parties' earnest efforts to settle the matter, the initial reconsideration motion was adjourned twice and then withdrawn without prejudice. Moreover, the judge was advised plaintiff agreed that should the motion be re-filed, plaintiff would not claim the motion was untimely. However, the ruling was harmless error because as noted, the judge properly addressed the merits

of defendants' motion to vacate the default judgment and motion for reconsideration.

Lastly, we find it necessary to address the motion judge's decision not to entertain defendants' requests for oral argument. Defendants' requests should have been granted as of right. Rule 1:6-2; see also Raspantini v. Arocho, 364 N.J. Super. 528, 531 (App. Div. 2003). Oral argument requests can be denied where the court sets forth appropriate reasons on the record. Raspantini, supra, 364 N.J. Super. at 531-32 (citations omitted). Nonetheless, we conclude that the judge's refusal to allow oral argument does not require us to reverse her orders. As noted, we affirm based upon the judge's written statement of reasons, which adequately set forth her factual findings and legal conclusions. In this case, oral argument would not have changed the result.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION