NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1989-15T4

GALE GARGIULO,

    Plaintiff-Respondent,

v.

LOUIS GARGIULO,

    Defendant-Appellant,

and

199-201 SUMMIT AVENUE, LLC and
LOUPET REALTY, LLC,

    Defendants/Intervenors-
    Appellants.

_____

        Submitted March 21, 2017 — Decided August 7, 2017

        Before Judges Koblitz and Sumners.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Essex County,
        Docket No. FM-07-230-10.

        Genova Burns LLC, attorneys for appellants
        (Kathleen Barnett Einhorn, of counsel and on
        the brief; Charles J. Messina and Michael C.
        McQueeny, on the brief).

        Gale Gargiulo, respondent pro se.

PER CURIAM

In this post-judgment divorce matter, defendant Louis Gargiulo appeals the trial court's order finding him in contempt for not paying IRS tax liens against real estate owned by intervenor 199-201 Summit Avenue L.L.C. (Summit). In addition, defendant and Summit appeal the court's order allowing plaintiff Gale Garguilo to obtain discovery from Summit and intervenor Loupet Realty, LLC (Loupet Realty) to determine if the entities made distributions to defendant for his membership shares therein. For the reasons that follow, we reverse the order of contempt, and reverse and remand the discovery order to allow for oral argument.

The final judgment of divorce (FJOD) along with a written decision was entered on December 12, 2013, detailing the equitable distribution of the parties' marital assets, and the responsibility for marital debts and counsel fees. Relevant to this appeal, the FJOD provided that IRS liens totaling $257,094.22 on marital property were defendant's sole responsibility subject to final disposition of his liability by the United States Tax Court. The Tax Court granted plaintiff's application for innocent spouse status seeking non-responsibility for the IRS liens but defendant's appeal of that determination was pending at the time the FJOD was entered.

The FJOD also provided that defendant retain his fifty percent share of properties and businesses he owns with his brother, including Summit and Loupet Realty. His interest in Summit, however, could not be transferred, encumbered, or altered in any way without the permission of plaintiff or the court. This restriction was set in place because plaintiff's equitable share of the marital estate was secured through a recorded lien of three separate judgments against defendant's share of Summit.

On December 4, 2015, the same trial court that issued the FJOD, entered an order granting plaintiff's motion to hold defendant in contempt due to his failure to satisfy the IRS liens. The court did not render a written or oral decision. The order merely stated: "Defendant is in contempt for his failure to pay the IRS liens. Defendant shall immediately begin paying the IRS debt or a bench warrant will be issued for his arrest." The order made no mention of defendant's contention that his Tax Court appeal remained pending and that he did not have an ability to pay the IRS liens.

The same order also granted plaintiff's request for comprehensive discovery from non-parties Summit and Loupet, "and any other company that [defendant] owns." Subject to a consent protective order of confidentiality to be submitted by the parties, the order allowed plaintiff to subpoena records and documents

covering the last two years' distributions made to defendant, QuickBooks records, leases agreements, ledgers, bank accounts, money transfers, rent rolls, and tax returns. The order stated that plaintiff was entitled to discovery "as a judgment creditor and due to the defendant's lack of veracity observed by this court during pre-trial and trial proceedings in this case." There was no recitation of facts supporting that finding. The order stated that the court "addressed future discovery attempts" at oral argument on the parties' earlier motions on January 16, 2015. Lastly, the order denied plaintiff's request for appointment of a receiver over Summit and Loupet in accordance with Crowe v. DeGoia[1] and Rule 4:53-1.

In a separate order of the same date, the court denied intervenors' cross-motion for a protective order pursuant to Rule 4:10-3, with the exception of a consent protective order of confidentiality as set forth in the order granting plaintiff's discovery motion. Defendant's and intervenors' request for oral argument on the motion, and cross-motion was not granted and no explanation was given by the court.

Before us , defendant contends that the court's order finding him in contempt was contrary to the FJOD, which provided that the

---

[1] 90 N.J. 126 (1982).

liability for the IRS liens will depend on defendant's Tax Court appeal, which is still pending. Defendant also argues that prior litigation in state and federal court absolved him of the responsibility of satisfying the liens at this time.

Here, "a proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant[.]'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div.), certif. denied, 68 N.J. 161 (1975)). Accordingly, "[r]elief under [Rule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

We review a trial court's imposition of sanctions against a litigant pursuant to Rule 1:10-3 under the abuse of discretion standard. Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Applying these principles, we are constrained to conclude that the trial court mistakenly applied its discretion, and reverse the order finding defendant in contempt. The clear terms of the FJOD provided that final resolution of defendant's liability for the IRS liens was contingent upon his Tax Court appeal of the grant of plaintiff's innocent spouse status, which exempted her from liability for the liens. Because the Tax Court matter remained pending, there was no factual basis for the court to find defendant in contempt for not paying the liens. In reaching this conclusion, we need not address defendant's argument - which essentially seeks to apply the law of the case doctrine - that the issue has already been decided by state and federal courts. See Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting Lanzet v. Greenberg, 126 N.J. 168, 192 (1991) ("[A] legal decision made in a particular matter 'should be respected by all other lower or equal courts during the pendency of that case.")

Turning to the court's discovery order, defendant and intervenors contend that plaintiff, as a judgment creditor of defendant, is not entitled to discovery from intervenors under the Revised Uniform Limited Liability Company Act (LLC Act), N.J.S.A. 42:2C-1 to -94), because intervenors have provided affidavits that distributions have not been made to defendant. We are mindful that we "generally defer to a trial court's disposition of

discovery matters[,]" and we will reverse only when "the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div.) (citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997), certif. denied, 185 N.J. 296 (2005)). However, based upon the record, we cannot discern whether the court's order was proper.

Our court's ability to resolve an appeal is largely dependent upon the trial court's compliance with its obligation to state findings of fact and conclusions of law as required by Rule 1:7-4. To comply, the court must articulate factual findings and correlate them with the principles of law. Curtis v. Finneran, 83 N.J. 563, 570 (1980). When that is not done, this court's review is impeded and a remand is necessary. Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015).

Here, the trial court did not render a decision explaining its order, which includes only a conclusory determination that plaintiff is a judgment creditor and discovery was discussed at argument for a previous motion in January 2015. However, our review of the transcript of that proceeding reveals no factual or legal findings relevant to the December 4 discovery order being appealed, because there was no discovery sought from defendant and intervenors in January 2015. Thus, we reverse the trial court's

discovery order and remand to the court for specific factual findings and conclusions of law as required by Rule 1:7-4. We take no position as to whether the court should grant plaintiff's request for discovery.

We further observe that the court's lack of findings may in part be the product of its failure to grant defendant's and intervenors' requests for oral argument. Requests for oral argument in family actions are governed by Rule 1:6-2(d), except as otherwise provided in Rule 5:5-4. Rule 1:6-2(d) provides in pertinent part that "no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs." Rule 5:5-4(a) states:

> [I]n exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions.

"This provision has generally been interpreted to require oral argument 'when significant substantive issues are raised and argument is requested.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)). "The denial of oral argument when a motion has properly presented a substantive issue to the court

for decision 'deprives litigants of an opportunity to present their case fully to a court.'"  Ibid. (quoting Mackowski, supra, 317 N.J. Super. at 14).  The court, however, retains discretion to dispense with oral argument on substantive issues where the record provides all that is necessary to make a decision on the issue presented.  Ibid.; see also, Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003) (under Rule 1:6-2, requests for argument may be denied where the court sets forth appropriate reasons on the record).

Guided by these principles, we conclude that in light of the substantive issues raised by defendant and intervenors concerning a judgment creditor obtaining discovery from non-party entities created under the LLC Act, the court mistakenly applied its discretion in not granting oral argument.  On remand, the trial court must allow oral argument.

Reversed as to the order of contempt against defendant. Reversed as to the order of discovery imposed on defendant and intervenors.  Remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1989-15T4