**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5474-16T1

RICHARD J. BADOLATO,
COMMISSIONER OF THE
NEW JERSEY DEPARTMENT OF
BANKING AND INSURANCE,

     Plaintiff-Respondent,

v.

CHARYSE McMILLAN,

     Defendant-Appellant.

_____

Argued October 3, 2018 - Decided October 19, 2018

Before Judges Koblitz, Ostrer and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Special Civil Part, Essex County, Docket No. DC-017383-16.

David Lustbader argued the cause for appellant (Philip M. Lustbader and David Lustbader, PC, attorneys; David Lustbader, on the brief).

William B. Puskas, Jr., Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer,

Assistant Attorney General, of counsel; William B. Puskas, Jr., on the brief).

PER CURIAM

Defendant Charyse McMillan appeals from a May 26, 2017 Special Civil Part order granting the Commissioner of the Department of Banking and Insurance's motion for summary judgment, finding that McMillan violated the New Jersey Insurance Fraud Prevention Act (IFPA), N.J.S.A. 17:33A-1 to -34, by falsely claiming that she was injured in a car accident while driving her former boyfriend's car. In addition to imposing the statutory surcharge of $1000, the court imposed the maximum civil penalty of $5000 and the entire requested Attorney General counsel fees of $7946.50. McMillan also appeals from the July 21, 2017 denial of her motion for reconsideration. McMillan asserts four primary arguments. First, the motion court should have enforced the parties' settlement agreement. Second, the motion court improperly granted summary judgment. Third, the motion court improperly denied a request for oral argument, at both the summary judgment and reconsideration stages. And fourth, the motion court did not place its findings of fact and conclusions of law on the record when deciding the motions. After our de novo review, we affirm the grant of summary judgment, but remand for reconsideration of the penalty and attorney fees imposed.

2

In January 2010, McMillan reported to New Jersey Manufacturers Insurance Company (NJM) that she suffered personal injuries in an October 2009 car accident in Newark. In March 2010, McMillan submitted a no-fault personal injury protection (PIP) insurance claim to NJM under her former boyfriend's policy, which was denied by NJM.

McMillan filed a lawsuit against NJM that proceeded to arbitration. The arbitrators awarded her $25,000 in damages, but the case proceeded to trial after NJM rejected the award and requested a trial de novo. The jury found that McMillan was driving her former boyfriend's car, but that no accident had occurred. Because the jury reached a verdict of no cause of action, McMillan's lawsuit was dismissed with prejudice in April 2014.

In December 2016, the Commissioner filed a complaint against McMillan, alleging she knowingly provided false and misleading statements concerning material information in her PIP claim, in violation of the IFPA. The court granted the Commissioner's motion for summary judgment and determined that McMillan violated that IFPA. Pursuant to the IFPA, the court imposed a $13,946.50 penalty against McMillan, consisting of a $5000 civil penalty and $7946.50 in attorneys' fees, N.J.S.A. 17:33A-5(b), as well as the $1000 mandatory statutory surcharge, N.J.S.A. 17:33A-5.1. The court also suspended

McMillan's driving privileges for one year.  N.J.S.A. 39:6A-15.  At the bottom of its order granting summary judgment, the court wrote: "Collateral Estoppel Applies. Defendant not involved in the accident."

The court denied McMillan's motion for reconsideration, also without oral argument, writing:

> Moving [p]arty has not supplied any additional law or facts to form the basis of a [r]ehearing of the prior motion.  Settlement [n]egotiations are not the basis for [r]eopening the judgment nor is the ability to [p]ay. Prior motion was opposed and the opposition, although late, was considered.

## I. Settlement

McMillan claims she had a settlement agreement with the Commissioner. The enforceability of settlements is governed by contract law.  GMAC Mortgage, LLC v. Willoughby, 230 N.J. 172, 185 (2017).  A settlement agreement, like a contract, requires an offer and acceptance by the parties, and it "must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'"  Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (quoting West Caldwell v. Caldwell, 26 N.J. 9, 24-25 (1958)).  A legally enforceable contract "requires mutual assent, a meeting of the minds based on a common understanding of the contract terms."  Morgan v. Sanford Brown Institute, 225 N.J. 289, 308 (2016).  Once parties to a contract

"agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." Weichert Co. Realtors, 128 N.J. at 435. Alternatively, if the parties do not agree to one or more essential terms, their contract is ordinarily unenforceable. Ibid.

Here, McMillan argues that after "numerous telephone calls and exchanges of email[,]" the parties agreed to settle the matter for $3000, to be paid by McMillan in $50 monthly installments. McMillan further argues that the parties agreed to execute a consent order, but file it only upon McMillan's default in payments. According to McMillan, all material terms of a settlement agreement were agreed upon, and the only remaining issue was: "(1) whether [McMillan would] state that she intentionally committed insurance fraud, or (2) whether there [would] be [a] statement that a settlement is not an admission of any wrongdoing, but merely an economical way to resolve litigation, or (3) no statement."

The written exchanges between counsel demonstrate that the parties never reached a final settlement agreement. Although the IFPA created a statutory mandate to "confront aggressively the problem of insurance fraud in New Jersey," N.J.S.A. 17:33A-2, it does allow a no-admission settlement, N.J.S.A. 17:33A-5(d). The emails between the Deputy Attorney General and McMillan's

A-5474-16T1

counsel confirm that there was no meeting of the minds as to the essential issue of admission of culpability.

On May 11, 2017, in response to defense counsel's request for draft settlement documents, the Deputy Attorney General emailed the following: "Frankly, it does not make sense to draft settlement documents until I have your assent to the terms I mentioned yesterday, since those are the terms we have been discussing now for perhaps three months, and you still have not advised me whether your client will agree to them."  Eight days later, in response to defense counsel's email stating that McMillan would not admit to knowingly submitting a false claim, the Deputy Attorney General emailed:

> I have advised you time and again, for <u>months</u> now, that it is basically impossible that the Department would agree to a "no admission" settlement agreement.  Yet, you continue to ask.  I have been candid with you from the start about these items you raise.  Furthermore, I have made concessions throughout our attempts at settlement; I do not believe your client has done the same, especially in light of the fee-shifting nature of this case and the risk of her losing her driving privileges for one year.
>
> . . . .
>
> At this point, we must move forward with the motion. Whatever opposition you submit is now untimely, and I will object on those grounds and reserve the right to reply.

A-5474-16T1

On May 23, 2017, in response, defense counsel emailed:

> We previously agreed to $3,000 at $50 a month.
>
>      . . . .
>
> The only issue we have left is the paperwork regarding whether my client admits to wrongdoing or whether the paperwork reflects that the settlement is not an admission by either party. Your previous email below stated you are waiting to hear back from your client regarding that. I see this merely as a drafting issue with the paperwork.
>
> Agreeing on the amount of the settlement and the payment plan is the material issue that we resolved.

The Deputy Attorney General responded:

> Your client's request for no admission of fault language was rejected by my client. She will have to admit to a knowing violation of the Fraud Act based on the submission of a false PIP claim.
>
> Based on that, it does not appear we have an agreement on the material terms.

The Department's acceptance of the settlement agreement was expressly conditioned upon McMillan's admission that she knowingly violated the IFPA. See Richard v. Union Carbide Indus. Gases, Inc., 347 N.J. Super. 524, 530 (App. Div. 2002) (acceptance to a contract is not valid if "expressly made conditional on assent to [] additional or different terms.") (quoting N.J.S.A. 12A:2-207(1)). Moreover, as indicated by the written exchanges between counsel, until

McMillan agreed to include an admission of culpability, the Deputy Attorney General refused to draft settlement documents. Thus no meeting of the minds as to all essential elements of the agreement occurred, and the motion court properly did not enforce McMillan's version of the settlement.

## II. Summary Judgment

We review a trial court's grant of summary judgment under the same standard as the motion court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). A trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). When determining whether a genuine issue of material fact exists, a motion court must consider whether competent evidence presented, "viewed in the light most favorable to the non-moving party" is sufficient to allow a rational factfinder "to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). In order to defeat a motion for summary judgment, the non-moving party must present evidence that creates a genuine issue of a material fact. Id. at 529. In other words, the evidence cannot simply "point[] to

any fact in dispute." Ibid. To determine if an issue of fact is genuine, a trial court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See id. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

A party will prevail under the IFPA if it establishes that "(1) the defendant 'presented' a 'written or oral statement'; (2) the defendant knew that the statement contained 'false or misleading information'; and (3) the information was 'material' to 'a claim for payment or other benefit pursuant to an insurance policy . . . .'" See Allstate New Jersey Ins. Co. v. Lajara, 222 N.J. 129, 147-48 (2015) (quoting N.J.S.A. 17:33A-4(a)(1)). A party seeking summary judgment must therefore establish that the evidence satisfying these three factors is beyond dispute such that the party "must prevail as a matter of law." See Brill, 142 N.J. at 540 (quoting Liberty Lobby, Inc., 477 U.S. at 252).

McMillan submitted a claim to NJM for PIP benefits, stating that she was in a car accident. Because, as the jury found, McMillan was not involved in a car accident, McMillan must have known her claim was fraudulent. McMillan's claim to NJM that she was in a car accident was, of course, material to NJM's decision regarding payment of benefits.

9

Our Supreme Court has described the doctrine of collateral estoppel:

> For the doctrine of collateral estoppel to apply to foreclose the relitigation of an issue, the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006) (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).]

The doctrine of collateral estoppel bars McMillan from contesting the jury's finding that she was not involved in an accident. The issue involved in this case is the same as McMillan's previous case against NJM, where the jury found that McMillan was not involved in a car accident. This finding was critical to the outcome of the lawsuit against NJM for PIP benefits. Because McMillan is barred from arguing that she was involved in a car accident, she cannot prevail and no genuine dispute of material fact exists.

### III. Oral Argument

McMillan argues that the court improperly denied her oral argument on the Commissioner's motion for summary judgment. Rule 6:3-3(c)(1) states that

"[n]o oral argument of a motion shall be permitted unless specifically demanded by a party or directed by the court." McMillan argues that the sentence in the Deputy Attorney General's cover letter submitted with his motion, directing the clerk to, "Please enter [the motion for summary judgment] upon the docket and advise when a hearing date is scheduled[]" is an explicit request for oral argument. We do not read that sentence as meeting the specific request requirement of Rule 6:3-3. The motion also notified McMillan that she could respond and ask for oral argument, yet she did not request oral argument. On her motion for reconsideration, however, McMillan made a request for oral argument, which was not provided.

A court may deny a request for oral argument, as long as it sets forth the reason for doing so "orally on the record or separately in writing." See Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003). For example, if a motion for reconsideration, on its face, does not demonstrate that the trial court a) based its decision upon a "palpably incorrect or irrational basis," or b) failed to consider or appreciate "the significance of probative, competent evidence[;]" or c) the litigant is not bringing "new or additional information to the [motion court's] attention which it could not have provided on the first application," then the motion court has the discretion to deny it

without oral argument, provided it articulates such substantive shortcoming as a reason for denying oral argument. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super 392, 401-02 (Ch. Div. 1990)); Raspantini, 364 N.J. Super. at 531-32.

A trial court's decision to deny a motion for reconsideration will be upheld on appeal unless the motion court's decision was an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex County Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985). We do not find the court abused its discretion in denying oral argument on the motion for reconsideration, although the court should have placed its reasons for denying argument in the order or on the record.

## IV. Insufficient Findings

We agree with the court that collateral estoppel mandated the grant of summary judgment. Although its findings were brief, the court's handwritten notes were sufficient with regard to the grant of summary judgment, and with regard to the denial of reconsideration. The court was required, however, to

12

make findings of fact and conclusions of law before imposing $13,946.50 in attorneys' fees and penalties upon McMillan. The trial court did not make any findings that the maximum $5000 civil penalty and $7946.50 in attorneys' fees were rationally related to expenses associated with eradicating insurance fraud. See Merin v. Maglaki, 126 N.J. 430, 444, 446 (1992). Our Supreme Court has outlined seven factors the court should weigh before imposing a civil penalty: 1) the good or bad faith of defendant, 2) defendant's ability to pay, 3) the amount of profits obtained from the illegal activity, 4) the injury to the public, 5) the duration of the conspiracy, 6) the existence of criminal or treble damages actions, and 7) any past violations. Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 137-40 (1987) (discussing civil penalties under the New Jersey Antitrust Act, N.J.S.A. 56:9-1 to -19). The court here imposed the maximum penalty without explanation. The court also failed to explain its reasoning in awarding all of the counsel fees sought. See RPC 1.5(a) (delineating the factors to consider when assessing a counsel fee request).

The trial court must provide reasons with its decisions, either on the record or in writing. R. 1:7-4(a). "Moreover, the appellate court ordinarily cannot perform its review function in the absence of findings." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).

13

We understand the tremendous volume of matters passing through the Special Civil Part, but we cannot review the imposition of maximum penalties and the full amount of legal fees requested without assurance that the court considered the appropriate factors. We remand for reconsideration and a statement of reasons after all of the appropriate factors are considered. We do not intend any particular result after reconsideration. We see no reason to remand this matter to a different judge.

Affirmed in part and reversed and remanded in part to reconsider the imposition of penalties and award of counsel fees and provide findings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION