**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0894-18T1

BRIAN A. PICCINETTI, on
behalf of himself and others
similarly situated,

      Plaintiff-Respondent,

v.

GOLD'S GYM, INC., and
GOLD'S GYM OF EAST
WINDSOR,

      Defendants-Appellants.

_____

Argued January 23, 2020 – Decided February 5, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0546-17.

Gregg S. Sodini argued the cause for appellant Archer Janny Enterprises, LLC (Cutolo Barros LLC, attorneys; Gregg S. Sodini, on the briefs).

Ari H. Marcus argued the cause for respondent (Marcus Zelman LLC, attorneys; Ari H. Marcus, on the brief).

PER CURIAM

Defendant Archer Janny Enterprises, LLC (Archer Janny)[1] appeals from the September 14, 2018 order of the Law Division denying its motion for attorney's fees and costs. We vacate the order and remand for further proceedings consistent with this opinion.

I.

We derive the following facts from the record. Plaintiff Brian A. Piccinetti filed a putative class action complaint in the Law Division alleging claims under the Health Club Services Act, N.J.S.A. 56:8-39 to -48, the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and the Truth-In-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 to -18, arising from his execution of a membership agreement at a health club operated by Archer Janny. Piccinetti alleged the agreement violated the statutes because it contained an automatic renewal clause, was binding for more than three years, and failed to set forth in a conspicuous manner on its front page the total payment obligation for the first year of membership.

After initial motion practice and discovery, Archer Janny sent Piccinetti a written notice and demand pursuant to Rule 1:4-8(b)(1) to withdraw what Archer

---

[1] Improperly pled as Gold's Gym, Inc., and Gold's Gym of East Windsor.

A-0894-18T1

Janny believed to be Piccinetti's frivolous complaint. Piccinetti did not withdraw his complaint within the twenty-eight days permitted by the rule.

Archer Janny thereafter moved for summary judgment. Piccinetti opposed the motion. On August 3, 2018, the trial court granted Archer Janny's motion and dismissed the complaint with prejudice.

Archer Janny subsequently filed a motion for attorney's fees and costs pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1. Archer Janny's notice of motion requested oral argument pursuant to Rule 1:6-2(d).

On September 14, 2018, the court denied Archer Janny's motion without having heard oral argument. The court did not issue written or oral findings of fact and conclusions of law explaining its decision. The September 14, 2018 order indicates the motion was opposed.

This appeal followed. Prior to the filing of the parties' briefs, the trial court submitted a letter pursuant to Rule 2:5-1(b) amplifying its decision. The court stated that because of an error in processing the motion, it had inadvertently denied Archer Janny's motion without holding oral argument or issuing findings of fact and conclusions of law.

The parties acknowledge the trial court's error in deciding Archer Janny's motion without hearing oral argument or issuing findings of fact and conclusions

3

of law. They request this court to exercise its original jurisdiction to decide Archer Janny's motion. See N.J. Const. art. VI, § 5, ¶ 3; R. 2:10-5.

II.

Except for pretrial discovery motions or motions directly addressed to a calendar, oral argument "shall be granted as of right" if requested in a party's moving papers. R. 1:6-2(d). Where a request for oral argument on a substantive motion is properly made, denial of argument, absent articulation of specific reasons on the record, constitutes reversible error. Raspantini v. Arocho, 364 N.J. Super. 528, 531-34 (App. Div. 2003).

In addition, Rule 1:7-4(a) provides a court shall "find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right . . . ." "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and conclusions of law on which the trial court relied. Raspantini, 364 N.J. Super. at 534.

We exercise original jurisdiction sparingly. State v. Micelli, 215 N.J. 284, 293 (2013). Generally, the exercise of original jurisdiction is disfavored when fact-finding is necessary. Price v. Himeji, LLC, 214 N.J. 263, 294-95 (2013).

4

Findings of fact on each element of <u>Rule</u> 1:4-8 are necessary before awarding attorney's fees and costs. <u>See</u> <u>Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn</u>, 410 N.J. Super. 510, 547 (App. Div. 2009). We therefore decline to exercise original jurisdiction to decide Archer Janny's motion.

The September 14, 2018 order is vacated, and the matter is remanded for oral argument and a determination of Archer Janny's motion for attorney's fees and costs. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION