**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2431-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PHILIP J. IANUALE,

    Defendant-Appellant.

_____

Submitted March 18, 2024 – Decided April 4, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-01-5648.

Philip J. Ianuale, appellant pro se.

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Nathanne Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Philip J. Ianuale appeals from the November 28, 2022 order of the Law Division dismissing his second petition for post-conviction relief (PCR) as untimely filed. We vacate the order and remand for further proceedings.

I.

In 2017, a jury convicted defendant of third-degree aggravated assault on a police officer, N.J.S.A. 2C:12-1(b)(5)(a), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2). The jury acquitted defendant of third-degree resisting arrest but found him guilty of the lesser-included disorderly persons offense of preventing an officer from effecting an arrest, N.J.S.A. 2C:29-2(a)(1). The court subsequently found defendant guilty of disorderly persons possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), and disorderly persons possession of drug paraphernalia, N.J.S.A. 2C:36-2. The court sentenced defendant to a three-year term of noncustodial probation. Defendant did not file a direct appeal from his convictions and sentence.

On December 5, 2017, defendant filed his first petition for PCR. He alleged ineffective assistance of trial counsel and errors by the trial court.

On April 11, 2019, the trial court issued an oral opinion and order denying defendant's first petition.

2

On August 25, 2021, we affirmed the trial court's decision. State v. Ianuale, No. A-5352-18 (App. Div. Aug. 25, 2021).

Defendant alleges that he did not receive notice of our August 25, 2021 decision until April 4, 2022.

On August 4, 2022, defendant filed a second petition for PCR. The only document in defendant's appendix described as a petition for PCR consists of the following single paragraph:

> Please accept this verified Petition for Post-Conviction Relief of the action identified above based on grounds that rights guaranteed by the Sixth Amendment to the Constitution of the United States and Article I[,] Paragraph 10 of the New Jersey Constitution were violated.

It appears no subsequent filing in the trial court specified the basis for these broad allegations. As far as we can discern from the record, defendant was not given an opportunity to file an amended second petition detailing the basis for his claims or written argument opposing dismissal of his second petition.

On November 28, 2022, the trial court issued an order dismissing defendant's second PCR petition. The court concluded the second petition was

3

untimely because it was filed more than one year after dismissal of the first petition for PCR.  See R. 3:22-12(a)(2)(C); R. 3:22-4.[1]

This appeal followed.  Defendant raises the following arguments.

POINT I

THE SECOND PETITION WAS TIMELY SINCE IT WAS FILED WITHIN ONE YEAR OF THE DATE ON WHICH THE FACTUAL PREDICATE WAS DISCOVERED.

POINT II

FAILURE TO FILE A TIMELY SECOND PETITION IS ACTUALLY A FURTHER INDICATION OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III

THE CONCURRENT PANDEMIC CAUSED MANY TIMELINES TO EXCEED THEIR USUAL LENGTHS.

POINT IV

THERE WAS A LACK OF ACCOUNTABILITY BY THE PUBLIC DEFENDER'S OFFICE TO ASSURE DEFENDANTS ARE TIMELY INFORMED.

---

[1]  The trial court, citing Rule 3:22-12(a)(3), also concluded defendant's second petition was untimely because it was filed more than ninety days after the date of the judgment on direct appeal.  Defendant, however, did not file a direct appeal of his conviction and sentence.  Thus, Rule 3:22-12(a)(3) does not apply here.  Presumably, the trial court was referring to our August 25, 2021 decision affirming the order dismissing defendant's first petition for PCR.  That decision, however, is not a judgment on a direct appeal within the meaning of the rule.

A-2431-22

POINT V

THE COMBINATION OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE IMPACT OF THE PANDEMIC AND THE LACK OF ACCOUNTABILITY ALL CONTRIBUTED TO THE RESULTING DELAY.

POINT VI

THESE ISSUES MUST BE ADDRESSED SO THAT ALL DEFENDANTS' RIGHTS CAN BE PROTECTED VIA FURTHER COURT RULES OR PROCEDURES.

## II.

We review de novo the trial court's legal conclusion that defendant's second PCR petition is barred by Rule 3:22-4 and Rule 3:22-12(a)(2). State v. Harris, 181 N.J. 391, 419 (2004).

Rule 3:22-4(b) provides, in relevant part:

A second or subsequent petition for post-conviction relief shall be dismissed unless:

(1)  it is timely under R. 3:22-12(a)(2); and

(2)  it alleges on its face either:

(A)  that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B)    that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C)    that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

(A)    the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B)    the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C)    the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

A-2431-22

"These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

Although we do not have the benefit of a second petition setting forth a detailed description of the basis for defendant's claims, it appears, according to the briefs he filed with this court, that he does not allege he is entitled to relief based on a newly recognized constitutional right. His second petition, therefore, does not appear to fall within subsection (A) of the rule.

Defendant appears, however, to allege that his second petition is based on a factual predicate he discovered within a year of the filing of that petition. According to defendant, it was not until April 4, 2022, when he received notice of our August 25, 2021 opinion, that he became aware of the factual predicate to allege ineffective assistance of trial and appellate counsel on this first PCR petition. He argues that the exercise of reasonable diligence would not have revealed that factual predicate prior to April 4, 2022. Defendant argues, therefore, that his claims fall within subsection (B) of the rule, which allows him to file a second PCR petition within one year of April 4, 2022.

To the extent defendant's second petition alleges he was denied the effective assistance of counsel with respect to his trial counsel on his first petition, subsection (C) of the rule requires that a second petition be filed no

more than a year after the date of the denial of the first petition. Defendant's first petition was denied on April 11, 2019. He did not file his second petition until August 4, 2022, more than three years later. Defendant appears to argue, however, that he did not discover, and could not reasonably have discovered, the factual predicate supporting his claim of ineffective assistance of first PCR trial counsel until April 4, 2022, when he was notified of our decision.

The trial court dismissed the second petition in the absence of allegations or written arguments by defendant detailing the basis of his claims. Given the sparse record before it, the trial court understandably did not consider defendant's arguments, raised for the first time before this court, that his second petition was timely filed pursuant to Rule 3:22-12(a)(2)(B) and (C), because he did not discover, and could not have discovered through the exercise of reasonable diligence, the factual predicate for the claims in his second petition until April 4, 2022. In the absence of findings of fact and conclusions of law by the trial court with respect to the timeliness of defendant's second petition under Rule 3:22-12(a)(2)(B) and (C), we cannot engage in effective appellate review of the November 28, 2022 order. See R. 1:7-4(a); Raspantini v. Arocho, 364 N.J. Super. 528, 534 (App. Div. 2003).

In light of these circumstances, we vacate the November 28, 2022 order and remand this matter to permit defendant to file an amended second petition for PCR detailing the basis of his claims of ineffective assistance of trial and appellate counsel with respect to his first PCR petition. The trial court shall, after briefing by the parties, consider whether any of the claims in defendant's amended second petition for PCR were timely filed, using the original August 4, 2022 filing date of defendant's second PCR petition to determine timeliness. We offer no opinion with respect to whether defendant's second PCR petition was timely filed or whether he is entitled to an evidentiary hearing or PCR.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION