**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0706-24

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as
INDENTURE TRUSTEE, on behalf
of the holders of the TERWIN
MORTGAGE TRUST 2006-8,
ASSET-BACKED SECURITIES,
SERIES 2006-8,

     Plaintiff-Respondent,

v.

ROBERT G. CHOWNING,

     Defendant-Appellant,

and

ROSA CHOWNING, husband
and wife, and SUNNOVA TE
MANAGEMENT, LLC,

     Defendants.

_____

Submitted October 7, 2025 – Decided October 17, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-013976-23.

Robert G. Chowning, appellant pro se.

McCalla Raymer Leibert Pierce, LLC, attorneys for respondent (Djibril Carr, on the brief).

PER CURIAM

Defendant Robert G. Chowning appeals from the October 25, 2024 Chancery Division order denying his motion to vacate the default judgment entered against him in this residential foreclosure matter. Because the motion court did not issue written or oral findings of fact and conclusions of law, we are constrained to vacate the October 25, 2024 order and remand the matter for further proceedings.[1]

I.

On June 14, 2006, defendant executed a note in favor of American Financial Resources, Inc. (ARI) in the amount of $25,001. On the same date,

---

[1] Defendant was identified in the complaint as Robert G. Chowning, consistent with the spelling of his name on the mortgage at issue in this matter and a copy of his driver's license in the record. In his submissions to this court, defendant identifies himself as Robert G. Chowing. We do not view the inconsistency as material to the issues before the court.

A-0706-24

defendant granted a mortgage on real property in Voorhees in the amount of $25,001 to Mortgage Electronic Registration Systems, Inc., as nominee for ARI.

Defendant defaulted on the note and mortgage by failing to make the July 8, 2008 payment, and each payment thereafter.

On November 30, 2021, the mortgage was assigned to plaintiff Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-8, Asset-backed Securities, Series 2006-8.

On December 11, 2023, plaintiff filed a complaint in the Chancery Division seeking to foreclose on the mortgage. Defendant did not respond to the complaint in the time permitted by court rules.

On March 21, 2024, plaintiff requested entry of default against defendant. The court granted the request.

On July 2, 2024, plaintiff moved for entry of final judgment against defendant.

On July 18, 2024, an uncontested final judgment was entered against defendant.

On or about September 27, 2024, defendant moved to vacate the final judgment pursuant to Rule 4:50-1 (d) and (f), arguing improper service of the summons and complaint. Plaintiff opposed the motion, arguing defendant was

3

properly served with the summons and complaint and failed to identify a meritorious defense to the foreclosure.

On October 25, 2024, the court entered an order denying the motion. The order was not accompanied by written or oral findings of fact or conclusions of law. This appeal followed.

Defendant argues the motion court's failure to issue findings of fact and conclusions of law deprived him of an explanation of the basis of the court's decision, leaving him unable to effectively argue for reversal on appeal. We agree.

Rule 1:7-4(a) states a trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." A final judgment is appealable as of right. R. 2:2-3(a)(1).

"The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2026). "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and

conclusions of law on which the trial court relied.  See Raspantini v. Arocho, 364 N.J. Super. 528, 533-34 (App. Div. 2003).

We review a trial court's decision to deny a motion to vacate a default judgment under Rule 4:50-1 for abuse of discretion.  Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012).  We will not reverse the trial court's decision unless it is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).  Indeed, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be "clear" to warrant reversal.  Ibid.

We cannot review the motion court's decision in the absence of written or oral findings of fact and conclusions of law explaining the reasons defendant's motion was denied.  The October 25, 2024 order is vacated and the matter is remanded to permit the motion court to issue written or oral findings of fact and conclusions on defendant's motion to vacate the July 18, 2024 final judgment. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

5

A-0706-24