22 A.3d 125 (2011)
421 N.J. Super. 1
LVNV FUNDING, L.L.C., Plaintiff-Respondent,
v.
Mary B. COLVELL, Defendant-Appellant.
No. A-1313-10T3.
Superior Court of New Jersey, Appellate Division.
Submitted June 8, 2011.
Decided July 12, 2011.
*126 Mary B. Colvell, appellant pro se.
Eichenbaum & Stylianou, L.L.C., attorneys for respondent (John Brigandi, Paramus, on the brief).
Before Judges PAYNE, BAXTER and KOBLITZ.
The opinion of the court was delivered by
KOBLITZ, J.S.C. (temporarily assigned).
Defendant Mary B. Colvell appeals from an entry of summary judgment on July 22, 2010, in favor of plaintiff LVNV Funding, L.L.C. (LVNV), a collection agency that was assigned a $12,060.75 balance she purportedly owed on her Citibank Sears Gold MasterCard (MasterCard), and denial of reconsideration on September 29, 2010. After reviewing the record in light of the contentions advanced on appeal, we reverse and remand, concluding that the proofs submitted by LVNV were insufficient to grant summary judgment. In particular, when suing to collect the balance allegedly owed on an unpaid revolving credit card account, the creditor must prove more than merely the total amount remaining unpaid. Instead, as required to obtain a default judgment by Rule 6:6-3(a), the creditor must set forth the previous balance, and identify all transactions and credits, as well as the periodic rates, the balance on which the finance charge is computed, other charges, if any, the closing date of the billing cycle, and the new balance. We also conclude that the trial court erred by failing to afford defendant the oral argument she requested.
LVNV is a credit agency, which purchased a portfolio of debt from Citibank on January 10, 2008, which included Colvell's MasterCard account. After purchasing the account from Citibank, all ownership rights were assigned to LVNV, including the right to collect the balance owed, plus any interest accrued at the rate specified.
In its complaint, LVNV alleged that defendant was indebted to LVNV in the amount of $12,060.75, including interest, service charges, costs and attorney fees, which defendant had agreed to pay in her MasterCard agreement. LVNV claimed that demand for payment had "been made and gone without heed." In her answer, defendant denied all of LVNV's allegations.
*127 LVNV sent defendant interrogatories. She responded to essentially every question by saying that she was "not aware of any written agreements or contracts with LVNV." She also stated that she "did not receive billing statements from [p]laintiff," and that she "made no agreements with [p]laintiff to resolve alleged indebtedness." A trial date was set for August 31, 2010.
On July 6, 2010, LVNV filed a motion for summary judgment in the Special Civil Part attaching a copy of a computer-generated report, which was intended to contain defendant's personal information, balances, credits and payments made, current balance, finance charge rate and annual percentage rate. The information on this form was not complete as it did not list any transactions made by defendant or the billing cycle information, and it listed the annual percentage and finance charge rates as zero. Upon receiving initial notice of the motion for summary judgment, defendant filed opposition to the motion, requesting oral argument.
The trial court did not grant oral argument and granted summary judgment to LVNV on July 22, 2010, when a judgment against defendant in the amount of $12,121.22 was also entered. The court denied defendant's motion for reconsideration, stating in pertinent part that defendant never once denied having the MasterCard debt. After defendant appealed, pursuant to Rule 2:5-1(b), the court issued a supplemental statement of reasons for granting summary judgment, repeating that defendant did not deny owing a debt on the MasterCard, and stating that evidence sufficient to enter default judgment under Rule 6:6-3 was presented by LVNV.

I
Defendant raises many issues in her brief and supplemental brief, only two of which we find merit discussion. See R. 2:11-3(e)(1)(E). Defendant contends that oral argument should have been held by the court prior to granting summary judgment. We agree with defendant that oral argument should have been permitted by the court because the motion did not involve a discovery or calendar issue. R. 1:6-2(d).
Rule 1:6-2(d) governing oral argument on motions in civil cases provides, in relevant part:
[N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.
Rule 6:3-1 provides that the "Part IV Rules" governing the procedures in civil actions applies to the Special Civil Part except in nine enumerated circumstances. Oral argument is not one of these exceptions, and thus Rule 1:6-2(d) applies. Accordingly, the trial court should have granted defendant's request for oral argument because summary judgment is a substantive motion involving significant legal issues. See Raspantini v. Arocho, 364 N.J.Super. 528, 531, 837 A.2d 417 (App. Div.2003); Filippone v. Lee, 304 N.J.Super. 301, 306, 700 A.2d 384 (App.Div. 1997).
Where, as here, the trial court decides the motion on the papers despite a request for oral argument, the trial court should set forth in its opinion its reasons *128 for disposing of the motion for summary judgment on the papers in its opinion. See Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J.Super. 495, 497-98, 762 A.2d 1057 (App.Div.2000). The trial court did not address defendant's request for oral argument in its opinion. In Great Atlantic, we reversed summary judgment where the trial court did not conduct oral argument, which was requested by the moving party, because we did not find any basis for a relaxation of Rule 1:6-2, and the trial court did not provide any basis in the record. Ibid. We need not consider whether the denial of oral argument in itself warrants reversal, given that we find a reversal is required on other grounds. See Spina Asphalt Paving Excavating Contractors, Inc. v. Fairview, 304 N.J.Super. 425, 427 n. 1, 701 A.2d 441 (App.Div. 1997) (where denial of oral argument on a summary judgment motion did not result in a reversal).

II
A trial court's grant of a motion for summary judgment is appropriate when there is no issue of material fact. See R. 4:46-2(c). We review a grant of summary judgment de novo, applying the same standard governing the trial court under Rule 4:46. Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46, 916 A.2d 440 (2007). Generally, we must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995); see also R. 4:46-2(c).
Defendant argues that LVNV's computer generated report did not sufficiently meet the requirement set forth in Rule 6:6-3 governing default judgments because it does not contain any identification of transactions or credits in support of the balance listed. Although the Rule does not generally apply in a summary judgment situation, we agree with the trial court that Rule 6:6-3(a) provides a guide to the proofs necessary to grant summary judgment in a credit card collection matter.
Rule 6:6-3(a) provides required forms of proof, consistent with federal regulations for credit card account periodic billing statements. See 15 U.S.C. § 1637(b); 12 C.F.R. § 226.7; see also Pressler & Verniero, Current N.J. Court Rules, comment on R. 6:6-3(a) (2011). Rule 6:6-3(a) provides, in relevant part:
If the plaintiff's claim against a defendant is for a sum certain or for a sum that can by computation be made certain, the clerk on request of the plaintiff and on affidavit setting forth a particular statement of the items of the claim, the amounts and dates, the calculated amount of interest, the payments or credits, if any, the net amount due, and the name of the original creditor if the claim was acquired by assignment, shall enter judgment for the net amount and costs against the defendant[.]
. . . .
If plaintiff's records are maintained electronically and the claim is founded on an open-end credit plan as defined in 15 U.S.C. § 1602(i) and 12 C.F.R. § 226.2(a)(20), a copy of the periodic statement for the last billing cycle as prescribed by 15 U.S.C. § 1637(b) and 12 C.F.R. § 226.7, or a computer-generated report setting forth the previous balance, identification of transactions and credits, if any, periodic rates, balance on which the finance charge is computed, the amount of the finance charge, the annual percentage rate, other *129 charges, if any, the closing date of the billing cycle, and the new balance, if attached to the affidavit, shall be sufficient to support the entry of judgment.
In support of its motion for summary judgment, LVNV submitted a certification of proof and ownership of defendant's account, as well as a computer-generated report. An authorized representative of LVNV certified that she had personal knowledge of LVNV's "creation and maintenance of its normal business records, including computer records of its credit accounts," and that Citibank extended credit to defendant on March 1, 1998, and subsequently sold defendant's account to LVNV on January 10, 2008. The computer-generated statement contained defendant's name, address, account number, previous balance and new balance. The statement indicated that defendant did not have any credits and that the finance charge percentage rate, annual percentage rate and other fees were zero. The only transaction listed on the statement was LVNV's purchase of the account. Where the statement provided for the closing date of the billing cycle, it read, "Not Applicable."
The computer-generated statement does not comply with Rule 6:6-3(a) because it does not specify any transactions comprising the debt owed by defendant. Additionally, and incredibly, a zero "Finance Charge Percentage Rate" and a zero "Annual Percentage Rate" are reflected. The "Closing Date of Billing Cycle" is described as "Not Applicable."
Although defendant does not allege that she did not use this card or hold this account, LVNV does not meet the requirements set forth in federal law and repeated in Rule 6:6-3(a). To collect on a revolving credit card debt, LVNV is required to provide the transactions for which payment has not been made, any payments that have been made, the annual percentage and finance charge percentage rates and the billing cycle information. R. 6:6-3(a). Here, LVNV did not provide any documentation regarding the original MasterCard transactions by defendant other than the account number and the alleged balance.
Reversed.