**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4630-17T1

SHASHI CUKKEMANE and
SHYAM CUKKEMANE, her
husband,

     Plaintiffs-Respondents,

v.

THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY,

     Defendant-Respondent,

and

AMPCO SYSTEM PARKING, an ABM
Industries Incorporated Company,

     Defendant-Appellant,

and

ABM INDUSTRIES, INC.,

     Defendant.

_____

Submitted March 11, 2019 – Decided March 29, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-9142-13.

Gallo Vitucci & Klar, LLP, attorneys for appellant (Yolanda L. Ayala, on the briefs).

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for respondent The Port Authority of New York and New Jersey (Peter B. Van Deventer, Jr., of counsel; Douglas H. Amster, of counsel and on the brief; Gene K. Kaskiw, on the brief).

PER CURIAM

Plaintiff Shashi Cukkemane, an employee of United Airlines, parked her vehicle in an employee parking lot at Newark Liberty International Airport, which is leased and operated by defendant, The Port Authority of New York and New Jersey (the PA). Cukkemane slipped and fell on ice, allegedly causing serious injury. She sued the PA and Ampco Systems Parking (Ampco).[1]

Ampco was the assignee of a contract between the PA and another contractor, whereby Ampco became responsible for supervising the parking lots at the airport. The agreement required that "the [Ampco] . . . indemnify and hold harmless the [PA], . . . against all claims and demands . . . arising out of or

---

[1] Ampco is a subsidiary of ABM Industries Incorporated. For ease of reference, we use Ampco when referring to both throughout the opinion. Plaintiffs' claims against other defendants were dismissed.

2                                                    A-4630-17T1

in any way connected" with the agreement, and to procure and maintain commercial general liability insurance in favor of the PA. An endorsement to the policy provided: "Insurance provided by this policy shall be primary insurance and no other insurance or self[-]insured retention carried or held by the [PA] shall be called upon to contribute to a loss covered by insurance for [Ampco]."

Ampco and the PA filed answers to plaintiff's complaint that included cross-claims for contribution and indemnification. The PA tendered its defense, and Ampco accepted, subject to a reservation of rights. The PA subsequently rejected the offer to defend subject to the reservation and defended plaintiff's suit itself. It eventually moved for and was granted summary judgment, dismissing plaintiff's complaint and all cross-claims against the PA.[2] The PA immediately moved for reimbursement of litigation costs and fees, submitting a certification from counsel along with billing statements. Counsel stated that the PA's legal expenses had been paid by Global Aerospace, Incorporated (Global), described as the PA's "insurer."[3] The PA requested oral argument on the motion.

---

[2] Ampco has not appealed from this order. Ampco settled with plaintiff in the underlying suit.

[3] Global apparently insured plaintiff's employer, United Airlines, which, in turn, apparently agreed to defend and indemnify the PA.

A-4630-17T1

Ampco opposed the motion on four grounds. It argued the PA lacked standing, because Global already paid its legal fees and expenses. Ampco also argued the fees were unreasonable and that any award should be "split on an equal basis with Global." Lastly, Ampco contended the PA was not entitled to pre- or post-judgment interest. Ampco also requested oral argument.

Without conducting oral argument, the judge granted the motion and ordered Ampco to pay the entire amount sought by the PA, $159,895 in fees and costs, as well as pre-judgement interest in the amount $17,548.48, and post-judgment interest from the date she granted the PA summary judgment. The judge placed no oral decision on the record and filed no written statement of reasons. Ampco filed this appeal.

Ampco essentially reiterates the arguments made before the motion judge, but we choose not to reach their merits. We reverse because the judge failed to carry out her responsibilities, thereby denying both the parties and this court the ability to conduct any meaningful review.

Despite both parties requesting oral argument, the judge decided the motion without it. Except for motions involving pre-trial discovery or the calendaring of a case, a request for oral argument "shall be granted as of right." R. 1:6-2(d) (emphasis added). The failure to grant a request for oral argument

4

on a substantive motion such as this, without any explanation, provides grounds for reversal. See Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000). However, "[w]e need not consider whether the denial of oral argument in itself warrants reversal, given that we find a reversal is required on other grounds." LVNV Funding, LLC v. Colvell, 421 N.J. Super. 1, 5-6 (App. Div. 2011) (citing Spina Asphalt Paving Excavating Contractors, Inc. v. Borough of Fairview, 304 N.J. Super. 425, 427 n.1 (App. Div. 1997)).

Rule 1:7-4(a) provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." (emphasis added). The failure to do so impedes our ability to consider the parties' arguments, even when we apply a de novo standard of review. See Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) ("[O]ur function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa.").

Regarding the amount of the counsel fee award and the award of prejudgment interest, the shortcoming is perhaps more acute, because we review the award of counsel fees and pre-judgment interest for a mistaken exercise of discretion. Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 453 (2015);

Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 390 (2009). That requires us to consider whether "the decision was 'made without a rational explication, inexplicably departed from established practices, or rested on an impermissible basis.'" Estate of Kotsovska v. Liebman, 221 N.J. 568, 588 (2015) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). We are unable to decide because the judge gave no reasons for her decision.

"Because it is fundamental to the fairness of the proceedings and serves as a necessary predicate to meaningful review, . . . 'a trial court must analyze the [relevant] factors in determining an award of reasonable counsel fees and then must state its reasons on the record for awarding a particular fee.'" R.M. v. Sup. Ct. of N.J., 190 N.J. 1, 12 (2007) (alteration in original) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)). The judge failed to do that in this case.

Because the judge failed to explain why she rejected Ampco's arguments opposing the PA's motion, and why she granted the full amount of fees requested as well as pre-judgment interest, we reverse.[4]

---

[4] Ampco contends it was error to award post-judgment interest pursuant to Rule 4:42-11(a) because the Rule applies only to tort actions. The argument lacks sufficient merit to warrant any discussion. R. 2:11-3(e)(1)(E). Without limitation, "[p]ost-judgment interest is generally available pursuant to Rule

The matter is remanded to the motion court for further proceedings. The judge shall grant oral argument if either party requests it.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

4:42-11(a)." United Consumer Fin. Servs. Co. v. Carbo, 410 N.J. Super. 280, 313 (App. Div. 2009) (citing Bd. of Educ. of Newark v. Levitt, 197 N.J. Super. 239, 244-45 (App. Div. 1984)). On remand, the judge need not reconsider or explain her decision to award post-judgment interest.