**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2344-18T3

FAIRLYNN CHISOLM,
a/k/a FAIRLYNN BARNES,

     Plaintiff-Appellant,

v.

U.S. POSTAL SERVICE
FEDERAL CREDIT UNION,

     Defendant-Respondent.

_____

Submitted May 4, 2020 – Decided June 11, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2211-18.

Fairlynn Chisolm, appellant pro se.

Winston & Winston, PC, attorneys for respondent (Jay Winston, of counsel; Aleksander Powietrzynski, on the brief).

PER CURIAM

In this credit card dispute, plaintiff Fairlynn Chisolm appeals a Law Division order granting defendant U.S. Postal Service Federal Credit Union's cross-motion for summary judgment requiring plaintiff to pay defendant $26,546.49 on its counterclaim and dismissal of plaintiff's complaint. We affirm substantially for the reasons set forth by motion judge in his cogent letter opinion.

We briefly summarize the facts adduced from the summary judgment record, viewing them in the light favorable to plaintiff, the non-moving party. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013). Plaintiff obtained a credit card account from defendant with a $25,000 line of credit. After plaintiff's account balance exceeded $23,000, she fell behind on her minimum monthly payments and eventually stopped making any payments, causing defendant to place her account in collection and then closed it from further use.

Plaintiff, representing herself, thereafter filed a small claims complaint in the Special Civil Part against defendant seeking $2600 based on the allegation that contrary to an agreement she made with defendant's representative, payments she made to defendant via Telecheck, an automated payment system,

were not applied to her account.[1] The matter was transferred to the Law Division when defendant filed a counterclaim seeking $26,546.49 for plaintiff's outstanding account balance.

Plaintiff subsequently filed motions to: (1) "remove negative information off of [her] credit report until [the] case is heard in court" and dispute the amount owed; and (2) dismiss defendant's counterclaim. Defendant cross-moved to dismiss plaintiff's complaint and obtain summary judgment on its counterclaim.

The motion judge entered an order denying plaintiff's motions and granting defendant's cross-motion together with a letter opinion. In rejecting plaintiff's motion to dismiss defendant's counterclaim, the judge determined plaintiff's request was without merit because it contained nothing but conclusory statements without any factual or legal support. The judge further noted plaintiff's "application [wa]s not appropriate to dismiss [d]efendant's counter-claim, as it does not dispute the claim by [d]efendant that [p]laintiff owes them some amount, but simply disputes the amount owed."

In granting defendant summary judgment on its counterclaim, the judge rejected plaintiff's assertion she had reached an agreement with defendant to pay a smaller monthly amount until the full amount owed was paid. After giving

---

[1] Her complaint did not indicate how much she paid through this service.

A-2344-18T3

plaintiff additional time to submit proof of the purported agreement, the judge

reasoned:

> There is no evidence of mutual assent between the parties as to any agreement outside of the [c]redit [c]ard [a]greements entered into between [p]laintiff and [d]efendant, provided as Exhibit F in [d]efendant's cross-motion. Even if the [e]-[m]ails sent between [p]laintiff and [d]efendant did sufficiently show mutual assent, which this [c]ourt has not found, [p]laintiff's argument would still fail[] as there is no evidence of consideration as [p]laintiff would be performing acts which were already required of her. Thus, this [c]ourt finds the only contracts entered into were those of the [c]redit [c]ard [a]greements.

In terms of defendant's proofs, the judge determined defendant satisfied

the requirements under "LVNV Funding LLC v. Colvell, 421 N.J. Super. 1

(2011) and per Rule 6:6-3(a) to succeed on a motion for summary judgment

against a credit card holder, . . . [by] set[ting] forth the previous balance, all

transactions and credits, periodic rates, balance on which the finance charge is

computed, other charges if any, closing date of billing cycle, and the new

balance." The judge deemed defendant's statement of facts in support of its

cross-motion admitted by plaintiff pursuant to Rule 4:46-2(b), because plaintiff

did not specifically dispute the asserted facts by citation to the record. Thus,

there was no genuine issue of material fact to preclude summary judgment in

[defendant's] favor. The judge found no evidential value in plaintiff's letters

A-2344-18T3

from Telecheck allegedly showing she made payments to Telecheck for her account with defendant as they failed to establish payments were forwarded to defendant. Accordingly, judgment in the amount of $26,546.49 was entered against plaintiff in defendant's favor.

On appeal, plaintiff argues the judge erred in dismissing her complaint and granting summary judgment to defendant on its counterclaim because defendant: (1) "did not serv[e] the paperwork in a timely manner[,] . . . the account wasn't 180 days past due[,]" and (2) "refuse[d] to credit [her] account after [she] met all of [its] requirements and [it] refuse[d] to take return any payments that w[ere] sent to the account."

We review a ruling on a summary judgment motion de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Thus, we consider, as the motion judge did, "whether 'the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Holmes v. Jersey City Police Dep't, 449 N.J. Super. 600, 602-03 (App. Div. 2017) (citation omitted) (quoting Brill v. Guardian Life Ins. Co. of Am.,

142 N.J. 520, 540 (1995)). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

After our review of the record, as well as controlling law, we conclude the trial judge's rulings were factually and legally correct. Having considered plaintiff's arguments on appeal under the same lens, we conclude they are wholly without merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2344-18T3