**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0457-19T3

FIRST ATLANTIC FEDERAL
CREDIT UNION,

    Plaintiff-Respondent,

v.

CHAD STRACENSKY,

    Defendant-Appellant.

_____

Argued telephonically July 28, 2020 –
Decided August 10, 2020

Before Judges Sumners and Mayer.

On appeal from the Superior Court of New Jersey, Law
Division, Monmouth County, Docket No. DC-2694-19.

Christopher Bruschi argued the cause for appellant.

Thomas B. O'Connell argued the cause for respondent
(Saldutti Law Group, attorneys; William F. Saldutti IV,
of counsel and on the brief).

PER CURIAM

In this Special Civil Part collection matter for an unpaid credit card account and an overdrawn checking account, defendant Chad Stracensky appeals the orders of: (1) July 26, 2019 granting summary judgment to plaintiff First Atlantic Federal Credit Union with respect to the amount of attorney's fees awarded on an undisputed $10,369.18 debt balance; (2) August 28, 2019 denying his motion for reconsideration of the summary judgment attorney's fees award; and (3) October 2, 2019 enforcing litigant's rights because defendant failed to respond to an information subpoena served upon his attorney. Because the trial court's statement of reasons explaining its summary judgment and reconsideration orders failed to indicate how the attorney's fees were calculated as required by Rule 1:7-4(a), and the court neither allowed oral argument nor indicated why it was not allowed on the reconsideration motion as required by Rule 1:6-2(d), we reverse in part and remand. As for the order enforcing litigant's rights, we reverse because the information subpoena was not served upon defendant as required by Rule 6:7-2(b)(1).

I

Plaintiff filed a complaint alleging defendant: (1) defaulted on a line of credit under his credit card account, owing $10,345.80 plus costs and reasonable

2

attorney's fees; and (2) overdrew his checking account, owing $23.38 plus costs and reasonable attorney's fees.

Plaintiff later moved for summary judgment. The motion included a certification by plaintiff's collection supervisor with exhibits setting forth the amounts owed on the credit card account and overdrawn checking account and requesting $2,592.30 in attorney's fees. The motion also included the certification of plaintiff's counsel who asserted attorney's fees of $2,592.30, a sum equaling twenty-five percent of defendant's debt, was reasonable. In opposition, defendant's counsel submitted a letter brief contending plaintiff's motion failed to establish proof of defendant's indebtedness and an "agree[ment] to be responsible for attorney's fees upon default[.]" The brief also stated plaintiff had not responded to discovery requests. The court denied the motion for being prematurely filed due to plaintiff's outstanding discovery.

After plaintiff supplied the outstanding discovery, it renewed its summary judgment request relying on the same certifications submitted with its initial unsuccessful request. Plaintiff's motion indicated oral argument was requested pursuant to Rule 1:6-2(d) if opposition was filed. Again, defendant's counsel submitted a letter brief opposing the motion. This time defendant's challenge was limited to the assertion that plaintiff failed to demonstrate, in accordance

with the credit card agreement, attorney's fees sought equaling twenty-five percent of the debt "were due (or had been <u>incurred</u>) on this [a]greement at the time [p]laintiff retained its attorney[,] . . . [as] such fees are typically contingent upon collection and, therefore are not due until that time."

On July 26, 2019, without oral argument, the trial court entered an order, together with a statement of reasons, granting summary judgment in favor of plaintiff in the amount of $10,369.18 plus costs of $82, contractual attorney's fees of $2,592.30, and statutory attorney's fees of $274.23, totaling $13,317.71. The court reasoned because defendant did not dispute the amount of the debt, "there [was] no genuine issue of material fact as to [his] liability for the outstanding indebtedness pursuant to the credit card agreement between" the parties and plaintiff was entitled to summary judgment.

Defendant appeals the summary judgment order, arguing the court failed to mention in its statement of reasons: (1) why it awarded plaintiff attorney's fees; and (2) defendant's liability with respect to his checking account with plaintiff, having only mentioned the credit card. Defendant contends plaintiff failed to prove entitlement to contractual attorney's fees on an unpaid debt. Defendant also contends the court issued its decision without granting plaintiff's request for oral argument, as he anticipated.

A-0457-19T3

We conclude the court failed to properly explain the basis for finding defendant liable for attorney's fees.[1] Rule 1:7-4(a) provides "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). In this regard, a trial court is required to "analyze the [relevant] factors in determining an award of reasonable counsel fees and then must state its reasons on the record for awarding a particular fee." R.M. v. Supreme Court of N.J., 190 N.J. 1, 12 (2007) (alteration in original) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)).

Because the court did not explain the reasons for the attorney's fees award in its July 26 order, we reverse that portion of the order and remand for the court to comply with Rule 1:7-4(a). We take no position on the amount, if any, of the attorney's fees plaintiff is entitled to receive. Our reversal does not disturb the amount of the July 26 order related to defendant's debt for the $10,369.18 credit

---

[1] At oral argument on the appeal, plaintiff's counsel conceded the court did not explain the factual and legal basis for the attorney's fees award.

A-0457-19T3

card account and overdrawn checking account plus costs of $82. Thus, the court should issue an amended order reflecting this judgment amount.

As for the lack of oral argument for the motion, defendant never requested it. That said, we recognize defendant's expectation of argument because he opposed plaintiff's motion, which indicated if opposition was filed, oral argument under Rule 1:6-2(d) was requested.

Plaintiff's request should have been granted as of right, and defendant had a reasonable right to expect argument would be provided. R. 1:6-2(d); see also Raspantini v. Arocho, 364 N.J. Super. 528, 531 (App. Div. 2003). If a "trial court decides [a summary judgment] motion on the papers despite a request for oral argument, the . . . court should set forth in its opinion its reasons for disposing of the motion . . . on the papers in its opinion." LVNV Funding, L.L.C. v. Colvell, 421 N.J. Super. 1, 5 (App. Div. 2011).

Although as noted, we reverse and remand based upon the court's insufficient statement of reasons. In its decision following remand, the court should explain its reasons for deciding the motion on the papers. That said, we remind the court it has the discretion to allow oral argument before complying with Rule 1:7-4(a).

A-0457-19T3

## II

Defendant seeks vacation of the August 28 order denying reconsideration of the July 26 summary judgment order. Given our decision to reverse and remand the summary judgment order, we need not address defendant's challenge to the reconsideration order. However, for the sake of completeness and to provide further direction to the court on remand, we will briefly do so.

First, defendant contends the court's August 28 order was "barely compliant with R[ule] 1:7-4[(a)]" because it stated the reconsideration motion was "DENIED for reasons set forth in the opposition papers." Second, he contends the court abused its discretion in refusing to grant his oral argument request. Defendant's concerns reflect procedural actions by the court which fall short of our rules of court.

We take a stronger view than defendant did in contending the court was "barely compliant with R[ule] 1:7-4[(a).]" We conclude the court's statement that denial of the reconsideration motion was "for reasons set forth in the opposition papers" did not comply with Rule 1:7-4(a) because the court did not set forth its factual findings and legal conclusions. Judge Fuentes addressed this same situation in Estate of Doerfler v. Fed. Ins. Co., forcefully stating the requirements of Rule 1:7-4 (a) "are unambiguous and cannot be carried out by

the motion judge by a nebulous allusion to 'the reasons set forth in defendant[s]' motion papers.'" 454 N.J. Super. 298, 302 (App. Div. 2018) (alteration in original).

With respect to the court not granting defendant's request for oral argument, we repeat the point made earlier that the court is required under Rule 1:6-2(d) to indicate in its opinion why oral argument was not granted. LVNV Funding, L.L.C., 421 N.J. Super. at 5. The court did not do so and must comply on remand.

### III

Finally, as to the October 2 order – by a different court – granting plaintiff's motion to enforce litigant's rights because defendant failed to respond to an information subpoena, defendant contends it was entered in error because the information subpoena was served on his attorney and not him as required by Rule 6:7-2(b). Plaintiff claims service on defendant's attorney was proper under Rule 1:5-1(a). Defendant is correct.

Rule 1:5-1(a) has general application to service in civil actions but acknowledges its requirements may not apply where another court rule states otherwise. It provides:

> In all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to

A-0457-19T3

the original complaint, written motions (not made ex parte), briefs, appendices, petitions and other papers except a judgment signed by the clerk shall be served upon all attorneys of record in the action and upon parties appearing pro se . . . .

[R. 1:5-1(a) (emphasis added).]

Rule 6:7-2(b)(1) is one such rule that provides different service requirements regarding an information subpoena. Specifically, it provides: "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope." R. 6:7-2(b)(1). Because plaintiff did not serve the information subpoena upon defendant, the judgment debtor, the motion to enforce litigants' rights should not have been granted.

Reversed and remanded in part for proceedings consistent with this decision. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0457-19T3