**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0666-19T3

CARMEN DURAN,

     Plaintiff-Respondent,

v.

HEIGHTS LIQUORS,

     Defendant,

and

SUKESHI HIRPARA, JAYANT
HIRPARA, and HIMANSHU
ANTALA, and CITY OF JERSEY
CITY,

     Defendants-Respondents,

and

SHREEDURGA, LLC,

     Defendant-Appellant,

_____

Argued November 9, 2020 – Decided November 24, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0338-18.

Shaun A. McGinn argued the cause for appellant (Hartford Insurance, attorneys; Shaun A. McGinn, on the briefs).

Robert M. Brigantic argued the cause for respondents Sukeshi Hirpara, Jayant Hirpara, and Himanshu Antala (Law Offices of Michael Swimmer, attorneys; Robert M. Brigantic, on the brief).

PER CURIAM

Defendant Shreedurga, LLC (Shreedurga) appeals from two orders: an August 16, 2019 order granting summary judgment in favor of defendants Sukeshi Hirpara, Jayant Hirpara, and Himanshu Antala (lessor defendants) and compelling Shreedurga to indemnify them and pay their defenses costs; and a September 27, 2019 order denying reconsideration. The judge improperly denied Shreedurga's requests for oral argument on both motions and in granting summary judgment rendered no findings of fact or conclusions of law. We therefore reverse, remand, and permit the parties to engage in motion practice anew.

Plaintiff filed a personal injury complaint seeking compensation for injuries resulting from a trip and fall on the sidewalk abutting a liquor store operated by Shreedurga. Lessor defendants asserted cross-claims against

Shreedurga seeking defense and indemnification, arguing that Shreedurga failed to purchase additional insured coverage as purportedly required by the parties' lease agreement. Shreedurga moved for summary judgment and lessor defendants cross-moved for summary judgment on their cross-claim for defense and indemnification. Shreedurga opposed the cross-motion and requested oral argument. The judge mistakenly marked the motion as unopposed and granted lessor defendants' cross-motion for summary judgment on the papers. The judge rendered no findings of fact or conclusions of law.

Shreedurga moved for reconsideration, and again requested oral argument, which the judge did not conduct. In his written opinion denying reconsideration, the judge acknowledged he mistakenly marked the cross-motion as unopposed, rejected Shreedurga's contention that he did not consider its opposition, and concluded that Shreedurga did not meet the standard for relief on a motion for reconsideration. The judge did not articulate any reason for denying Shreedurga's second request for oral argument.

On appeal, Shreedurga raises the following points for this court's consideration:

POINT I

THE [JUDGE] BELOW IMPROPERLY HELD THAT TENANT SHREEDURGA BREACHED THE LEASE

A-0666-19T3

CONTRACT BY FAILING TO PRODUCE INSURANCE INFORMATION WHERE NO BREACH OF CONTRACT CLAIM WAS ASSERTED AND IN THE ABSENCE OF ANY SUPPORTING EVIDENCE DEMONSTRATING A TIMELY REQUEST FOR INSURANCE INFORMATION[.]

POINT II

THE TERMS OF THE LEASE PERTAINING TO INSURANCE COVERAGE ARE AMBIGUO[US] AND MUST BE CON[STRUED] AGAINST THE PARTY SEEKING INDEMNIFICATION[.]

POINT III

LESSOR [DEFENDANTS] [ARE] INELIGIBLE FOR AN ADDITIONAL INSURED COVERAGE EVEN IF THE LEASE IS DEEMED TO INCLUDE SUCH A REQUIREMENT BECAUSE THE ACCIDENT DOES NOT ARISE OUT OF THE USE OF THE LEASED PREMISES[.]

POINT IV

THE [JUDGE] BELOW IMPROPERLY DENIED SHREEDURGA'S REQUEST FOR ORAL ARGUMENT ON ITS OPPO[SITION] TO THE CROSS[-]MOTION AND MOTION FOR RECONSIDERATION[.]

Since we are reversing and remanding for the parties to engage in motion practice anew, we need not reach the substantive arguments.

A-0666-19T3

## I.

The judge was required to conduct oral argument on the dispositive motions or explain his reasons for not doing so. He did neither. And the judge should have made findings of fact and conclusions of law on the merits of the summary judgment motions.

Rule 1:6-2(d) governs oral argument on motions in civil cases and provides in relevant part:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested. If the motion involves pretrial discovery or is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

"The denial of oral argument when a motion has properly presented [like here] a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)).

A-0666-19T3

A request for oral argument respecting a substantive motion may be denied. Raspantini v. Arocho, 364 N.J. Super. 528, 531-34 (App. Div. 2003). However, in accordance with Rule 1:6-2(d), "[w]here . . . the trial [judge] decides the motion on the papers despite a request for oral argument, the trial [judge] should set forth in its opinion its reasons for disposing of the motion for summary judgment on the papers in its opinion." LVNV Funding, L.L.C. v. Colvell, 421 N.J. Super. 1, 5 (App. Div. 2011); see Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000) (reversing summary judgment where the trial court did not conduct oral argument, which was requested by the moving party, because the court did not find any basis for relaxing the rule and the judge provided no basis for denial in the record). Where a request for oral argument on a substantive motion is properly made, denial of argument—absent articulation of specific reasons on the record— constitutes reversible error. Raspantini, 364 N.J. Super. at 531-34.

A judge is required to make findings of fact and reach conclusions of law. Rule 1:7-4(a) provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" The inclusion is particularly important "in the case of motions for

6

summary judgment, as to which [Rule] 4:46-2(c) specifically directs the court to make findings and conclusions in accordance with [Rule] 1:7-4(a)." Raspantini, 364 N.J. Super. at 533. The failure to include a statement of reasons for granting the original motion—especially in the absence of oral argument—impedes our ability to consider the parties' arguments, even when we apply a de novo standard of review. See Estate of Doerfler v. Fed Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (noting that "although our standard of review from the grant of a motion for summary judgment is de novo . . . our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa"). As a result of these deficiencies, we have no basis on which to conduct any meaningful review either of the judge's denial of oral argument or his decision to grant summary judgment.

As to reconsideration, we similarly conclude that the judge improperly denied Shreedurga's request for oral argument. In his written opinion, the judge did not mention Shreedurga's request for oral argument nor did he articulate why he was denying it, as required by Rule 1:6-2(d). The judge merely cited the standard for reconsideration relief which under certain circumstances—but not these circumstances—could have otherwise formed the basis of a denial of oral argument. See Raspantini, 364 N.J. Super. at 532 (explaining that a "motion for

reconsideration might quite properly have been decided without oral argument, if, for example, that motion on its face did not meet the applicable test for that relief . . . and if that substantive shortcoming were given as the reason for denying oral argument").  Without a full explanation to inform this court as to why the request was denied, we are again unable to independently evaluate the sufficiency of the judge's reasons for refusing Shreedurga's request for oral argument, whatever those reasons may have been.

Reversed and remanded.  Because the parties may engage in motion practice anew, and because any later appeal will be from a different record, we do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0666-19T3