**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1294-20

PAUL NAPIERKOWSI,

    Plaintiff-Appellant,

v.

STAT MEDICAL
TRANSPORT, INC.,

    Defendant-Respondent.

_____

        Submitted December 15, 2021 – Decided February 8, 2022

        Before Judges Whipple and Geiger.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2595-19.

        Eric A. Shore, PC, attorneys for appellant (Dennis J. Gruenke, on the brief).

        Parker McCay, PA, attorneys for respondent (Kathryn A. Rivera, of counsel and on the brief).

PER CURIAM

Plaintiff, Paul Napierkowski, appeals from the December 4, 2020 order denying his motion to reinstate his complaint pursuant to N.J.S.A. 2A:53A-40(c) for when a health care provider falsely states their noninvolvement in a case. We affirm.

The record informs us that plaintiff alleges he was transported by defendant, Stat Medical Transport, Inc. (STAT), for an MRI[1] when he injured his right knee because STAT staff negligently allowed a door to strike it. The date of the alleged negligence is disputed by the parties and central to this appeal.

Plaintiff's June 27, 2019 complaint alleged a date of injury on July 5, 2018. Defendant answered the complaint and later moved to dismiss plaintiff's complaint for noninvolvement because its records showed it provided plaintiff transport on June 5, 2018. That motion was granted on September 11, 2020.

Plaintiff moved for reconsideration, which was denied on October 16, 2020, then filed a motion to reinstate the complaint because of the confusion about the date of injury. He submitted an affidavit stating the actual date of injury was June 5, 2018. Oral argument was heard virtually on the motion to reinstate on December 4, 2020. The court denied plaintiff's motion to reinstate

---

[1] Magnetic resonance imaging.

on the same day as oral argument, because of plaintiff's failure to discover a plausible date of the alleged injury even with lengthy discovery. This appeal followed.

Plaintiff's first argument was not raised below, thus we review for plain error. Jacobs v. Jersey Cent. Power & Light Co., 452 N.J. Super. 494, 502-03 (App. Div. 2017). Plaintiff argues oral argument was not provided to him and the judge simply read her holding into the record. He cites Rule 1:6-2(d)'s call for oral argument being granted as of right and asserts error in the court's failure to provide an explanation for why there was no oral argument. A motion to reinstate is a non-dispositive motion, which differs from an appeal of the original dismissal or motion for reconsideration. Plaintiff asserts his situation is analogous to Raspantini v. Arocho, 364 N.J. Super. 528 (2003), where we remanded the case for oral argument that was not performed in the trial court. Id. at 533. We do not read Raspantini as analogous.

The trial judge in Raspantini did not set forth facts on the record, a determining factor for the panel: "[g]iven the absence of any factual findings or legal conclusions, meaningful review is impossible. We, therefore, are constrained to reverse the orders granting summary judgment and denying reconsideration and to remand this matter to the trial court." Id. at 533-34.

A-1294-20

Raspantini addressed a dispositive motion, whereas plaintiff is appealing the motion to reinstate his complaint.

Plaintiff requested oral argument on the motion to reinstate. Regardless of whether the motion was dispositive, plaintiff also contends the court needed to explain why it was deciding the motion on the papers under the law in LVNV Funding, L.L.C. v. Colvell. 421 N.J. Super. 1, 5 (App. Div. 2011). LVNV, however, was a motion for summary judgment, which logically calls for a higher standard on the judge's explanations and handling of the request for argument.

Even without a higher summary judgment standard, we must consider how Rule 1:7-4(a) provides that trial courts "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right . . . ." A court's failure to provide adequate findings and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Ricci v. Ricci, 448 N.J. Super. 546, 575 (App. Div. 2017) (quoting Kenwood Assocs. v. Bd. of Adjustment Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)). Rule 1:7-4(a), therefore, requires a bare minimum of a statement of reasons, which is present here.

The court succinctly explained why the case should not be reinstated:

Plaintiff filed the case on January 27, 2019, alleging that on July 5, 2018, he had sustained an injury while being transferred by individuals who were employed by [STAT]. Medical records were sent to [p]laintiff on November 1, 2019 of prior transfers by the [d]efendant, [STAT]. On November 4, 2019 [an email] indicat[ed] there were no [STAT] records for the July 5, 2018 date. And this was again discussed at [p]laintiff's deposition of July 27, 2020.

Plaintiff's interrogatory answers and other discovery provided by [p]laintiff indicated that the injury due to [STAT]'s conduct was allegedly on July 5, 2018. Therefore, [d]efendant submitted an affidavit of non-involvement in accordance to N.J.S.A. 2A:53A-40(a), and [p]aintiff's complaint was dismissed on September 11, 2020.

That motion to dismiss was not opposed and there had been at that time already 450 days of discovery. The motion for reconsideration was denied on October 16. Now, without any new evidence other than [p]laintiff's now self-serving affidavit, and keeping in mind of the parties that have already gone through 450 days of discovery and several motions, the [p]laintiff seeks to reinstate the complaint alleging that the [p]laintiff was incorrect as to the date of the accident and the complaint should be reinstated.

The [c]ourt sees no basis to reopen this case. Furthermore, the [p]laintiff provides no evidence of how he could have missed the alleged correct date. If [p]laintiff had been diligent in his discovery efforts, including certifying interrogatory answers and depositions indicating that the July 5, 2018 date was the date of the accident. In addition, there were also requests for admissions that [p]laintiff failed to indicate that it wasn't anything other than July 5, 2018.

5

> For these reasons, the motion to reinstate the complaint, which has been dismissed by the [c]ourt with merits is denied. Defendant also seeks sanctions for having to defend another motion by [p]laintiff, which had previously addressed these issues. The [c]ourt at this point, sees no basis for those sanctions and is not awarding the sanctions but is denying the motion to reinstate the case.

Plaintiff certified in his October 14, 2020 affidavit, which formed the basis of his motion to reinstate with a corrected date denied above, that: he alleged the July 5 date and stuck with it during discovery but, upon review of records, believed the date of injury was June 5, so he could now produce documents showing STAT's involvement.

On appeal, plaintiff argues defendants falsely claimed they were not involved in his care. He asserts his recollection has been refreshed and he now recognizes the date of service was June 5. Plaintiff claims the "only discrepancy" is the date, which is not enough for defendant to truthfully issue an affidavit of noninvolvement.

The affidavit of noninvolvement, authored by Maria Coddington, a STAT representative, on August 13, 2020, states: plaintiff identified the date of loss as July 5, 2018; there were no records for July 5 or during plaintiff's stay at the hospital between June 29 and July 9; thus, STAT was not involved in plaintiff's

6

transport or care on July 5. STAT did, however, indicate prior records existed without mentioning June 5 as the date of service.

Nonetheless, plaintiff asserts the court should have reinstated his complaint under N.J.S.A. 2A:53A-40(c), which provides:

> If the court determines that a health care provider named as a defendant falsely files or makes false or inaccurate statements in an affidavit of noninvolvement, the court, upon motion or upon its own initiative, shall immediately reinstate the claim against that provider. Reinstatement of a party pursuant to this subsection shall not be barred by any statute of limitations defense that was not valid at the time the original action was filed.

Indeed, this would be the case if defendant had "falsely file[d] or ma[de] false or inaccurate statements." N.J.S.A. 2A:53A-40(c). But as the court outlined there was nothing in the record to support that assertion.

Under these facts and circumstances, we are convinced that the motion judge still arrived at the proper result. Consequently, the court's failure to entertain oral argument "is insufficient to require our intervention." See Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 524 (App. Div. 2004).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1294-20