**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3534-22

MICHAEL S. RUBIN,

     Plaintiff-Appellant,

v.

BOROUGH OF CALDWELL,

     Defendant-Respondent,

and

PLANNING BOARD OF THE
BOROUGH OF CALDWELL,

     Defendant.

_____

        Argued February 26, 2025 – Decided July 25, 2025

        Before Judges Mayer and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0433-22.

        Michael S. Rubin (Law Office of Michael S. Rubin, LLC) argued the cause for appellant.

William H. Pandos argued the cause for respondent Borough of Caldwell (Lavery, Selvaggi & Cohen, PC, attorneys; James F. Moscagiuri, of counsel and on the brief; William H. Pandos, on the brief).

PER CURIAM

Plaintiff Michael S. Rubin appeals from the September 9, 2022 Law Division order granting summary judgment in favor of defendant Borough of Caldwell (Borough) and dismissing the complaint in this action in lieu of prerogative writs. Because the motion court's findings of fact and conclusions of law are insufficient to permit appellate review, we are constrained to remand the matter for further proceedings.

I.

This appeal concerns alleged procedural deficiencies in the Caldwell Borough Council's (Council) adoption of Ordinance 1394-20 and Ordinance 1423-21, alleged substantive deficiencies in both ordinances, and the validity of all business conducted at the Council's January 11, 2022 reorganization meeting.

A.    Ordinance 1394-20.

On November 17, 2010, Ordinance 1394-20, which would adopt a Redevelopment Plan for the Borough, was introduced at a Council meeting.

On November 26, 2020, the Borough published in The Progress newspaper a notice of a special Council meeting scheduled for December 15, 2020, to consider final adoption of Ordinance 1394-20.[1]

On December 15, 2020, the Council adopted Ordinance 1394-20, which adopted the Redevelopment Plan.

On April 12, 2021, the Borough published in The Star Ledger notice of the final adoption of Ordinance 1394-20.

On May 4, 2021, the Council adopted Ordinance 1410-21 amending the Redevelopment Plan for the first time.

B.    Ordinance 1423-21.

On November 10, 2021, the Borough's Deputy Clerk, Brittany Heun, sent notice via email to the Borough's designated newspapers of a special Council meeting scheduled for November 12, 2021.  Attached to the email was a copy

---

[1]  The Council designated three newspapers for legal advertisements:  The Progress, The Star Ledger, and TAPinto – West Essex.  At the times relevant to this appeal, The Progress was a weekly newspaper that published on Thursdays. The deadline for submission of legal advertisements to The Progress was the Tuesday prior to publication.  The Star Ledger was a daily newspaper with a deadline for submission of legal advertisements of three days before the desired publication date.  TAPinto – West Essex was a website that did not publish legal advertisements.

of the meeting agenda, which listed the introduction of Ordinance 1423-21, a proposed second amendment to the Redevelopment Plan.  The notice provided:

> FOR RECORD ONLY!  -  The Borough of Caldwell Borough Council will be holding a Special Council Meeting on November 12th at 5:15 pm.  The meeting will be on Zoom, and access information will be posted on the Borough website.

The notice was submitted to the newspapers too late to be published prior to the November 12, 2021 meeting.  Heun also posted the notice on the Borough's website and the bulletin board in the municipal building.

On November 12, 2021, Ordinance 1423-21 was introduced at the special Council meeting.  The Council then referred Ordinance 1423-21 to defendant Planning Board of the Borough of Caldwell (Planning Board) for review pursuant to N.J.S.A. 40A:12A-7, a provision of the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -49.

On November 18, 2021, the Borough published in The Progress newspaper a notice of a special Council meeting scheduled for December 14, 2021, at 7:15 p.m. "or as soon thereafter as the matter may be reached, at which time and place, or at any time and place to which such meeting shall from time to time be adjourned," to consider final adoption of Ordinance 1423-21.

A-3534-22

During the December 14, 2021 special meeting, the Council did not reach consideration of Ordinance 1423-21. Instead, the Council placed Ordinance 1423-21 on the agenda for its regularly scheduled meeting on December 28, 2021. Notice for the December 28, 2021 meeting was published in the Borough's designated newspapers on January 31, 2021, together with all other regularly scheduled Council meetings for 2021. The notice was also posted on the Borough's website and on the bulletin board in the municipal building.

On December 28, 2021, at the Council's regularly scheduled meeting, Ordinance 1423-21 was called for a second reading and the hearing was opened for public comment. Plaintiff attended the meeting and publicly commented on Ordinance 1423-21. After close of public comment, the Council adopted Ordinance 1423-21, thus amending the Redevelopment Plan for a second time.

C.     Planning Board Consideration of Ordinance 1423-21.

Separately, on December 10, 2021, Heun sent notice via email to the Borough's designated newspapers of a special Planning Board meeting scheduled for December 16, 2021, to review Ordinance 1423-21. The notice attached a copy of the meeting agenda and provided:

> FOR YOUR RECORD ONLY! – A special meeting of the Caldwell Planning Board has been called for 7pm on Thursday, December 16, 2021, to review Ordinance 1423-21 An Ordinance Amending the Borough of

> Caldwell Redevelopment Plan in Accordance with the Provisions of the Local Redevelopment and Housing Law. Regular action may be taken. The meeting will be held on Zoom, and access information can be found on the Borough website.

The notice was also posted on the Borough's website and on the bulletin board in the municipal building. The notice was not published in either The Star Ledger or The Progress.

The Planning Board considered Ordinance 1423-21 at its December 16, 2021 special meeting and found the proposed amendments to the Redevelopment Plan were inconsistent with the Borough's Master Plan. No recording was made of the meeting.

D.      The Council's January 11, 2022 Reorganization Meeting.

The Council's 2022 reorganization meeting was scheduled for January 4, 2022. The Borough published notice of the Council's reorganization meeting in its designated newspapers on December 23, 2021. Notice of the meeting was also posted on the Borough's website and the bulletin board in the municipal building.

The meeting was adjourned because Heun became ill and rescheduled to January 11, 2022. The Borough sent notice of the rescheduled Council reorganization meeting to its designated newspapers. The notice provided:

6

> FOR YOUR RECORD ONLY. The Borough of Caldwell has postponed their Reorganization Meeting to 7:15pm on Tuesday, January 11, 2022 via Zoom. (It was originally scheduled for January 4, 2022). We will be sending you an agenda as we get closer to the meeting date.

Additionally, notice of the January 11, 2022 meeting was posted on the Borough's website and on the bulletin board in the municipal building. The notice was not published in either newspaper.

On January 11, 2022, the Council held its reorganization meeting.

On January 20, 2022, plaintiff filed an order to show cause and verified complaint in lieu of prerogative writs against defendants in the Law Division, alleging violations of the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, and the LRHL. Plaintiff alleged: (1) the Borough engaged in a policy and practice of sending notices of special meetings of the Council and other municipal bodies to its designated newspapers containing a notation of "FOR YOUR RECORD ONLY" that effectively directed the newspapers not to publish the notices; (2) the final adoption of Ordinance 1423-21 was invalid because the Borough failed to publish notice of the Council's special meeting on November 12, 2021, when the ordinance was introduced, the December 16, 2021 special meeting at which the Planning Board considered the ordinance, and the December 28, 2021 regularly scheduled meeting at which the Council finally

adopted the Ordinance; (3) adoption of Ordinance 1423-21 and the Redevelopment Plan was invalid due to the Council's violation of N.J.S.A. 40A:12A-7, the Council's failure to record the reasons for rejecting recommendations of the Planning Board with respect to amendments to the Redevelopment Plan, Councilmember Jeffrey Gates's failure to recuse himself from voting on introducing the Ordinance at the November 21, 2021 special meeting, and other violations of OPMA and LRHL; (4) adoption of Ordinance 1394-20 was invalid because numerous inconsistencies with the Borough's Master Plan were not identified and addressed by the Council and because the Council did not enact the Ordinance prior to expiration of the forty-five-day period for the Planning Board to transmit its report pursuant to N.J.S.A. 40A:12A-7; (5) all actions taken at the Council's January 11, 2022 reorganization meeting were void because the Borough failed to publish notice of the rescheduled date of the meeting; and (6) all actions taken by Borough boards and commissions after January 11, 2022, were void because the boards and commissions newly constituted at the January 11, 2022 meeting were not properly appointed.

Plaintiff sought temporary, preliminary, and permanent injunctive relief: (1) enjoining the Borough from implementing any actions taken at the January

11, 2022 reorganization meeting; (2) directing the Borough to convene a new reorganization meeting for the Council consistent with OPMA; (3) enjoining the Borough from convening meetings of all boards, commissions, committees, or other entities whose members or professionals were included on the agenda of the January 11, 2022 reorganization meeting, until such time as the Council holds a new reorganization meeting; and (4) enjoining the Borough from holding public meetings absent compliance with OPMA.

In addition, plaintiff sought an order: (1) invalidating Ordinance 1423-21; (2) temporarily and permanently enjoining the Borough from enforcing Ordinance 1423-21; and (3) directing reintroduction and adoption of Ordinance 1423-21 be undertaken in full compliance with OPMA and LRHL, including a new referral to the Planning Board for review pursuant to N.J.S.A. 40A:12A-7.

Finally, plaintiff sought an order: (1) invalidating Ordinance 1394-20; and (2) directing reintroduction and adoption of Ordinance 1394-20 be undertaken in full compliance with OPMA and LRHL, including a new referral to the Planning Board for review pursuant to N.J.S.A. 40A:12A-7.

On January 24, 2022, the court entered plaintiff's order to show cause restraining the Borough from, among other things, implementing any action taken at the Council's January 11, 2022 reorganization meeting.

9

To eliminate the restraints imposed on the Borough's ability to function, the Council held a second reorganization meeting to consider anew all agenda items from its January 11, 2022 reorganization meeting.

On January 26, 2022, plaintiff filed a motion in aid of litigant's rights, alleging the Council held a public meeting on January 25, 2022, that violated the order to show cause. The Borough opposed the motion.

Also on January 26, 2022, Heun sent notice to The Star Ledger of a special Council meeting, which she described as a plenary reorganization meeting, scheduled for February 1, 2022. Heun sent the same notice to the designated newspapers on January 28, 2022. The notice was also posted on the Borough's website and on the bulletin board in the municipal building. The Star Ledger published the notice on January 29, 2022.

On January 27, 2022, the court vacated the restraints entered on January 24, 2022, and scheduled argument on plaintiff's request for preliminary injunctive relief and motion to enforce litigant's rights.

On February 1, 2022, the Council held a plenary reorganization meeting, during which it heard, adopted, and ratified all agenda items, resolutions, and appointments listed on the January 11, 2022 reorganization meeting agenda.

On March 4, 2022, the court issued an oral decision denying plaintiff's request for temporary restraints and motion in aid of litigant's rights. The court found plaintiff's claims relating to the January 11, 2022 reorganization meeting were moot in light of the Council's February 1, 2022 plenary reorganization meeting, which the court found was properly noticed.

With respect to Ordinance 1423-21, the court found plaintiff did not demonstrate he would suffer irreparable injury in the absence of injunctive relief. In addition, the court found plaintiff was not likely to succeed on the merits of his claims because the Borough was required only to send notice of the special meetings to its designated newspapers within forty-eight hours of the meetings and was not required to ensure the notices were published in the newspapers. See Twp. of Bernards v. State, Dep't of Comm. Affairs, 233 N.J. Super. 1, 25-26 (App. Div. 1989).

The court also found plaintiff's claims concerning Councilmember Gates's failure to recuse himself during the November 21, 2021 special meeting were time barred because the meeting took place more than forty-five days prior to the filing of the complaint. See Rule 4:69-6(a) ("No action in lieu of prerogative writs shall be commenced later than [forty-five] days after the accrual of the

11

right to the . . . relief claimed," with exceptions not applicable here.). The court did not address plaintiff's claims regarding Ordinance 1394-20.

On July 8, 2022, the Borough moved for summary judgment. It argued it was entitled to summary judgment because: (1) plaintiff's claims relating to the January 11, 2022 reorganization meeting were moot in light of the February 1, 2022 plenary reorganization meeting; (2) plaintiff's claims relating to adoption of Ordinance 1394-20 were time barred; (3) plaintiff's claims relating to the introduction of Ordinance 1423-21 at the Council's November 12, 2021 special meeting were time barred; (4) the Borough provided adequate notice of the Planning Board's December 16, 2021 special meeting; and (5) the Borough provided adequate notice of the Council's December 28, 2021 regularly scheduled meeting. The Borough's motion papers did not address plaintiff's substantive challenges to the adoption of Ordinance 1423-21 and Ordinance 1394-20.

Plaintiff opposed the motion. He argued the holding in Twp. of Bernards did not apply because the Borough did not act in good faith when, in effect, it directed the newspapers not to publish its notices by stating the notices were "FOR YOUR RECORD ONLY." In addition, plaintiff argued the Borough's notices had additional substantive defects and the forty-five-day period in Rule

4:69(a) should be extended in the interests of justice to permit the court to hear his claims. Plaintiff did not address his substantive challenge to the adoption of Ordinance 1423-21 and Ordinance 1394-20 because those claims were not addressed in the Borough's summary judgment motion. His brief noted the Borough's motion should be considered by the court as one for partial summary judgment because it did not address his substantive claims.

The Planning Board did not file a brief or take a position on the Borough's motion.

On September 9, 2022, the court issued a written decision granting the Borough's motion. The substantive portion of the decision in its entirety provided:

> This court finds that summary judgment is appropriate at this stage of the proceedings. The March 4, 2022, order found that the Borough of Caldwell need only transmit proper written notice to the designated newspapers at least [forty-eight] hours in advance of the meeting. On December 10, 2021, the Borough's deputy clerk transmitted notice to the designated newspapers of the December 16, 2021, special meeting, six days in advance of the meeting. The Appellate Division in Twp. of Bernards is clear that publication of the meetings notice is not required to comply with OPMA. Therefore, [p]laintiff's argument regarding the words "FOR YOUR RECORD ONLY" is without merit, given the clear holding of Twp. of Bernards.

This court does not find reason to extend the statutorily (sic) required time of [forty-five] days pursuant to R. 4:69-6(a). As such, [p]laintiff's claim is moot.

The court did not address plaintiff's substantive challenges to the adoption of Ordinance 1423-21 and Ordinance 1394-20 or his challenge to the actions taken at the Council's January 11, 2022 reorganization meeting. The court also did not address plaintiff's argument the holding in Twp. of Bernards does not apply where, as he argues is the case here, a municipality does not act in good faith, and did not address plaintiff's argument the Borough's notices had other substantive deficiencies.[2]

A September 9, 2022 order granted summary judgment to the Borough and dismissed the complaint with prejudice.

On December 8, 2022, we dismissed plaintiff's appeal of the September 9, 2022 order as interlocutory because his claims against the Planning Board had not been resolved. On June 23, 2023, the court entered an order dismissing all claims against the Planning Board for the reason stated in its September 9, 2022 written decision.

---

[2] After argument on the motion, the court issued a brief oral decision consistent with its written decision. In addition, the court stated, "[o]n March 4th, 2022, this [c]ourt denied plaintiffs' [m]otion to [e]njoin and void as mistaken special meetings of the defendant, Borough of Caldwell Planning Board, alleging violations of [OPMA]."

This appeal follows. Plaintiff argues the motion court's decision does not comply with Rule 1:7-4 because it does not set forth sufficient findings of fact and conclusions of law and his substantive claims were dismissed without having been decided by the motion court.

II.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

A-3534-22

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523-24 (1995).

Rule 1:7-4(a) states a motion court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." Although the September 9, 2022 order was not appealable as of right, it granted summary judgment to the Borough on all claims asserted against it and dismissed the complaint with prejudice. The order became appealable once the motion court entered an order dismissing the claims against the Planning Board for the reasons stated in its September 9, 2022 written decision. Rule 1:7-4(a) applies in these circumstances.

"The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2025). "[A]n

articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a motion court's decision requires examination of the findings of fact and conclusions of law on which the motion court relied. See Raspantini v. Arocho, 364 N.J. Super. 528, 533-34 (App. Div. 2003).

Our review of the September 9, 2022 order is hindered by the motion court's failure to address nearly all of plaintiff's claims against the Borough. While the court made findings of fact and conclusions of law with respect to the notice the Borough issued for the Council's December 16, 2021 special meeting, it did not address plaintiff's challenge to the notices issued for the December 28, 2021 Council meeting, or the January 11, 2022 reorganization meeting, both of which took place within forty-five days of the filing of the complaint. See Rule 4:69-6(a). The court also did not address the timeliness of plaintiff's claims or his request to extend the forty-five-day filing period, other than to summarily state the court found no reason to grant an extension. Additionally, the court did not address plaintiff's argument that the holding in Twp. of Bernards does not apply when a municipality does not act in good faith.

Before the motion court, plaintiff argued the Borough's summary judgment motion did not seek relief on his substantive challenges to the

17

ordinances under the LRHL. The motion court did not address this argument or, if it considered plaintiff's substantive claims to have been included in the Borough's motion, issue findings of fact and conclusions of law with respect to those claims. Yet, its September 9, 2022 order dismissed all of plaintiff's claims.

Finally, the motion court did not address plaintiff's claims arising from the January 11, 2022 reorganization meeting. We disagree with the Borough's argument the motion court's reference to its March 4, 2022 denial of plaintiff's request for preliminary injunctive relief incorporated its March 4, 2022 findings of fact and conclusions of law with respect to the January 11, 2022 meeting into its decision on the Borough's summary judgment motion, or that such an incorporation would satisfy Rule 1:7-4.

The matter is, therefore, remanded for the motion court to issue findings of fact and conclusions of law on the Borough's motion for summary judgment addressing plaintiff's procedural and, to the extent incorporated in the Borough's summary judgment motion, substantive claims. The remand proceedings shall be completed in sixty days. We offer no opinion on the outcome of the motion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division